MINTZ LEVIN COHN FERRIS
GLOVSKY AND POPEO, P.C.
Andrew D. Skale (SBN 211096)
adskale@mintz.com
Matthew S. Hurley (*Pro Hac Vice*)
mshurley@mintz.com
Michael R. Graif (*Pro Hac Vice*)
Mrgraif@mintz.com
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
(858) 314-1500

*Attorneys for Plaintiff*
*S10 Entertainment & Media LLC*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| S10 ENTERTAINMENT & MEDIA LLC,<br><br>                    Plaintiff,<br><br>    vs.<br><br>SAMSUNG ELECTRONICS CO., LTD.; and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>                    Defendants. | Case No. 2:21-cv-2443-CAS-JPR<br><br>**PLAINTIFF S10 ENTERTAINMENT & MEDIA LLC'S APPLICATION FOR LEAVE TO FILE UNDER SEAL DOCUMENTS FILED WITH (1) OPPOSITION TO SUMMARY JUDGMENT; AND (2) OPPOSITIONS TO MOTIONS TO EXCLUDE EXPERT TESTIMONY**<br><br>Date: January 23, 2023<br>Time: 10:00 a.m.<br>Hon. Christina A. Snyder<br>Courtroom: 8D, 350 W. First Street |

PLAINTIFF S10 ENTERTAINMENT & MEDIA LLC'S APPLICATION FOR LEAVE TO FILE UNDER SEAL DOCUMENTS FILED WITH (1) OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; AND (2) OPPOSITIONS TO DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY

TO THIS HONORABLE COURT, AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Plaintiff S10 Entertainment & Media LLC ("Plaintiff" or "S10"), by and through their counsel, apply for an order permitting S10 to file the following documents under seal, or in redacted form, pursuant to Local Rule 79-5.1:

1. S10's Opposition to Defendants' Motion for Summary Judgment;

2. Exhibit 2, the excerpted deposition transcript of Seungmok Lee, to Declaratio of Michael Graif in Support of Plaintiff S10's Opposition to Defendants' Motion for Summary Judgment;

3. S10's Opposition to Defendants' Motion for to Strike the Jury Demand

4. S10's Statement of Genuine Disputes of Material Fact;

5. S10's Opposition to Defendants' Corrected Motion to Exclude Evidence and Testimony from Doug Bania;

6. Ex. A, excerpted deposition transcript of Doug Bania, to S10's Opposition to Defendants' Corrected Motion to Exclude Evidence and Testimony from Doug Bania;

7. S10's Opposition to Corrected Motion to Exclude Evidence and Testimony from Mark Keegan;

8. Ex. E, excerpted pages from SAMSUNG_00058432, to S10's Opposition to Defendants' Corrected Motion to Exclude Evidence and Testimony from Mark Keegan; and

9. S10's Opposition to Corrected Motion to Exclude Evidence and Testimony from Cassie Petrey.

The material requested to be filed under seal has been identified by S10 or Defendants as containing confidential and proprietary information of S10,

2

PLAINTIFF S10 ENTERTAINMENT & MEDIA LLC'S APPLICATION FOR LEAVE TO FILE UNDER SEAL DOCUMENTS FILED WITH (1) OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; AND (2) OPPOSITIONS TO DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY

Defendants, or non-parties, that qualifies for protection under Federal Rule of Civil Procedure 26(c) and the Protective Order in this case (Dkt. 56.). *See* Graif Decl., ¶¶ 5-6. The information contained within these exhibits—subject to sealing—has not been previously made public, and the disclosure of the competitively sensitive information contained in these documents could be used by third parties to both S10 and Defendants' detriment. Graif Decl., ¶ 5-6. The material is being filed under seal to protect the confidentiality of the information disclosed therein. To the extent possible, Plaintiff has redacted these materials for filing, omitting only the confidential and proprietary portions of the documents.

Pursuant to L.R. 79-5.2.2(b), the parties discussed the relief sought by this Application on December 30, 2022, and confirmed via email on January 3, 2023, that Defendants do not oppose this Application. Graif Decl., ¶ 8.

Filed concurrently with this Application are:

1.    Redacted versions of the documents proposed to be filed under seal;

2.    A Proposed Order granting this Application pursuant to L.R. 79-5.2.2(a), cited by L.R. 79-5.2.2(b);

3.    The Declaration of Michael R. Graif in Support of this Application pursuant to L.R. 79-5.2.2(b); and

4.    Unredacted versions of the documents proposed to be filed under seal pursuant to L.R. 79-5.2.2(a), cited by L.R. 79-5.2.2(b).

## **GOOD CAUSE EXISTS TO GRANT THIS APPLICATION**

A court has supervisory powers over its records and files to seal documents under appropriate circumstances. *Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 598 (1978). Filings under seal ensure full disclosure of relevant information while protecting the parties' interests that confidential and proprietary business

3

information will not be publicly disclosed. *See, e.g.*, *Johnson Controls, Inc. v. Phoenix Control Sys.*, 886 F.2d 1173, 1776 (9th Cir. 1989); *Henry Hope X-Ray Prods. Inc. v. Marron Carrel, Inc.*, 674 F.2d 1336, 1343 (9th Cir. 1982); *In re Adobe Sys., Inc.,* 141 F.R.D. 155, 161-62 (N.D. Cal. 1992). When a party seeks to file portions of a dispositive motion under seal, "compelling reasons" must be shown in order to seal such records. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Similarly, when sealing documents attached to a non-dispositive pleading, a district court must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (internal quotations omitted).

Documents are properly filed under seal where disclosure would harm a party by forcing it to disclose trade secrets or other valuable confidential proprietary business information. *See, e.g.*, *Apple, Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013) ("One factor that weights in favor of sealing documents is when the release of the documents will cause competitive harm to a business."); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569-70 (9th Cir. 2008); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("[T]he common- law right of inspection has bowed before the power of a court to ensure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing.") (quotation marks omitted); *Bauer Bros. LLC v. Nike, Inc.*, 2012 WL 1899838, at *4 (S.D. Cal. May 24, 2012) (granting motion to seal non-public financial data); *Davis v. Soc. Serv. Coordinators, Inc.*, 2012 WL 1940677, at *3 (E.D. Cal. May 29, 2012) (noting that "[g]ood cause to seal is generally found where the disclosure of

proprietary information could cause a party competitive injury")(internal citations omitted).

S10's Memorandum in Support of Notice of Motion and Motion for Partial Summary Judgment, Motion to Exclude Testimony of Expert Dr. Keith A. Botner, Motion to Exclude Testimony of Expert George Howard, Motion to Exclude Testimony of Expert W. Christopher Bakewell, and certain exhibits to the foregoing, all contain and/or reference competitively sensitive, proprietary, and confidential business information relating to S10 and Defendants' businesses. *See* Graif Decl., ¶¶ 8-9. The information contained therein has not been previously made public. The public disclosure of details on how S10 or Defendants' businesses function provides the public no additional understanding of the judicial process. Moreover, disclosure of this competitively sensitive information could be used by third parties to either party's detriment. Similarly, discussions of these documents contained in the Motions may also provide competitive insight to third parties to S10's and/or Defendants' detriment.

Accordingly, S10 submits that there exist compelling reasons to overcome the right of public access to these exhibits and good cause exists to grant their redaction and sealing. Because the documents contain proprietary, commercially sensitive, or competitive information of S10 and Defendants, there is good cause to file the documents under seal.

PLAINTIFF S10 ENTERTAINMENT & MEDIA LLC'S APPLICATION FOR LEAVE TO FILE UNDER SEAL DOCUMENTS FILED WITH (1) OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; AND (2) OPPOSITIONS TO DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY

1

DATED: January 4, 20223

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY & POPEO, P.C.

By: /s/ *Andrew D. Skale*
   Andrew D. Skale (211096)
   Matthew S. Hurley (*Pro Hac Vice*)
   Michael R. Graif (*Pro Hac Vice* )
   James J. Thomson (*Pro Hac Vice*)
   Oliver Ennis (*Pro Hac Vice*)
   Attorneys for Plaintiff S10 Entertainment
   & Media LLC

6

PLAINTIFF S10 ENTERTAINMENT & MEDIA LLC'S APPLICATION FOR LEAVE TO
FILE UNDER SEAL DOCUMENTS FILED WITH (1) OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT; AND (2) OPPOSITIONS TO DEFENDANTS'
MOTION TO EXCLUDE EXPERT TESTIMONY