MINTZ LEVIN COHN FERRIS
GLOVSKY AND POPEO, P.C.
Andrew D. Skale (SBN 211096)
adskale@mintz.com
Michael T. Renaud (*Pro Hac Vice Application Pending*)
mtrenaud@mintz.com
Matthew S. Hurley (Admitted *Pro Hac Vice*)
mshurley@mintz.com
Michael R. Graif (Admitted *Pro Hac Vice*)
Mrgraif@mintz.com
3580 Carmel Mountain Road
Suite 300
San Diego, CA 92130
(858) 314-1500

*Attorneys for Plaintiff*
*S10 Entertainment & Media LLC*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| S10 ENTERTAINMENT & MEDIA LLC, | Case No. 2:21-cv-2443-CAS-JPR |
| | **REDACTED** |
| Plaintiff, | PLAINTIFF'S STATEMENT OF |
| vs. | GENUINE DISPUTES OF MATERIAL FACT |
| SAMSUNG ELECTRONICS CO., LTD.; and SAMSUNG ELECTRONICS AMERICA, INC | |
| Defendants. | Date: January 23, 2023 |
| | Time: 10:00 a.m. |
| | Hon. Christina A. Snyder |
| | Courtroom: 8D, 350 W. First Street |

Plaintiff S10 Entertainment & Media LLC ("S10") respectfully submits the following statement of genuine disputes of material fact, in response to Defendants' statement of uncontroverted facts and conclusions of law (ECF No. 98-2), pursuant to Local Rule 56-2, in support of S10's Opposition to Defendants' Corrected Motion for Summary Judgment (ECF No. 115).

# I.  PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| | Undisputed Fact | Evidence | Plaintiff's Response |
|---|---|---|---|
| 1 | Samsung Electronics Co., Ltd. ("SEC") is an electronics company that designs, manufactures, and distributes a range of consumer electronics, such as televisions, home appliances, and smartphones. | Declaration of Katlyn M. Moseley in Support of Samsung's Notice of Motion and Motion for Summary Judgment ("Decl.") ¶ 1, Ex. A at 69:14-70:10. | Undisputed. |
| 2 | Samsung Electronics America, Inc. ("SEA") is a U.S. subsidiary of SEC that sells consumer electronics products manufactured by SEC. | Decl. ¶ 2, Ex. B at 53:14-17; *id.* ¶ 1, Ex. A at 28:24-29:4. | Undisputed. |
| 3 | SEA sells mobile devices under the SAMSUNG master brand and the GALAXY subrand, including the flagship Galaxy S series, the flagship Galaxy Z series, and the Galaxy A series. | Decl. ¶ 3, Ex. C at 57:12-15; *id.* ¶ 4, Ex. D at 180:9-21. | Disputed as to the meaning of the terms 'flagship,' 'master brand,' and 'subrand' to the extent they are indefinite. |
| 4 | Since introducing the original Galaxy S-series smartphone in 2010, Samsung has released twelve subsequent generations of Galaxy S smartphones in the United States, including the Galaxy SII, Galaxy SIII, Galaxy S4, Galaxy S5, Galaxy S6, Galaxy S7, Galaxy S8, Galaxy S9, Galaxy | Decl. ¶ 4, Ex. D at 177:18-179:23. | Undisputed. |

PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| Undisputed Fact | Evidence | Plaintiff's Response |
|---|---|---|
| S10, Galaxy S20, Galaxy S21, and Galaxy S22. | | |
| 5 In 2015, Samsung set forth updated brand guidelines for its GALAXY subbrand. | Decl. ¶ 5, Ex. E; *id.* ¶ 6, Ex. F ¶¶106-108. | Disputed as the meaning of the term 'subbrand' to the extent it is indefinite. |
| 6 The 2015 GALAXY brand guidelines introduced a new "Galaxy" and "Galaxy S" logo incorporating the Samsung Sharp Sans typeface, which Samsung used in connection with the Galaxy S6 smartphone and each subsequent generation of Galaxy S smartphone thereafter. | Decl. ¶ 5, Ex. E at SAMSUNG_00023553 - SAMSUNG_00023556; *id.* ¶ 4, Ex. D at 187:24-188:10. *See also id.* ¶ 6 ¶¶ 28-29 and Figures 2 and 3. | Undisputed. |
| 7  The image above is from an SEA presentation celebrating 10 years of Galaxy S-series smartphones in the context of the Galaxy S10 launch. | Decl. ¶ 7, Ex. G at SAMSUNG_00017914 | Undisputed. |
| 8 From 2013 to 2019, Samsung sold over ▇ million units of Galaxy S series smartphones, exclusive of the Galaxy S10, in the United States, with over ▇ million of these sales occurring prior to July 2017. | Decl. ¶ 8, Ex. H; *id.* ¶ 6, Ex. F ¶¶ 31-32. | Undisputed. |
| 9 Professor Gregory Carpenter offered the unrebutted opinion that Samsung created a distinct Samsung Galaxy S-series brand at least as early as July 2017 and that consumers in the United States evidenced an awareness of Samsung's Galaxy S-series brand as indicating a common source of | Decl. ¶ 6, Ex. F ¶¶ 42-44. | Disputed that, "Samsung created a distinct Samsung Galaxy S-series brand at least as early as July 2017." This is an opinion proffered by Professor Carpenter, who is still subject to |

2

PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| Undisputed Fact | | Evidence | Plaintiff's Response |
|---|---|---|---|
| | origin in Samsung since prior to July 2017. | | cross examination at trial. |
| 10 | Professor Carpenter offered the unrebutted opinion that, based on consumers' knowledge of the Galaxy S series, "consumers anticipated future yet-unannounced Galaxy S-series models, including an 'S10' model, as part of Samsung's Galaxy S-series of smartphones prior to July 2017 and years before." | Decl. ¶ 6, Ex. F ¶ 44. | Disputed to the extent that this suggests that all consumers "anticipated" the release of the S10 phone. Media outlets opined that Samsung would not use the 'S10' name. See, e.g., EX. 44 to S10's MSJ_ SAMSUNG_00048197 (ECF No. 91-47). |
| 11 | SEC began contemplating the name "Galaxy S10" for its tenth generation of Galaxy S smartphone at least as early as 2016. | Decl. ¶ 9, Ex. I at Response to Interrogatory No. 1. | Undisputed. |
| 12 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ SEC considered names for its tenth-generation Galaxy S device. ▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ officially approved and recommended "Galaxy S10" at a ▮▮▮▮▮▮ because it felt the name would highlight the success and legacy of Samsung's flagship Galaxy S family of smartphones and build upon the existing brand equity in the Samsung Galaxy S series. | Decl. ¶ 9, Ex. I at Response to Interrogatory No. 1; id. ¶ 4 Ex. D at 56:1-16. | Disputed as to the exact timing of Samsung's decision to name the S10 phone, which has not been established. |
| 13 | SEC performed trademark searches through its legal department and outside counsel, and S10 Entertainment's mark was not revealed as part of this searching. | Decl. ¶ 9, Ex. I at Response to Interrogatory No. 3. | Disputed. SEC performed certain trademark searches, but their adequacy in terms of timing and scope is uncertain. Samsung produced three trademark searches on |

3

PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| | Undisputed Fact | Evidence | Plaintiff's Response |
|---|---|---|---|
| | | | September 23, 2022, the last day of discovery, and no witness testified about the timing, methodology, or scope of these searches nor confirmed that these were the only searches performed.  January 23, 2023 Declaration of Michael Graif in support of S10's Opposition to Defendats' Motion for Summary Judgement at ¶7. |
| 14 | No part of S10 Entertainment's decision to call the 10th-generation Galaxy S smartphone the Galaxy S10 involved any intent or desire to trade on S10 Entertainment's brand recognition or goodwill. | Decl. ¶ 4, Ex. D at 188:11-20. | Disputed.  Samsung admits that it was aware of S10 Entertainment as early as ████████ and Samsung's full intent in selecting the 'S10' name, and or using it despite S10 Entertainment's trademark, has not yet been established.  EX. 9 to S10's MSJ_September 22, 2022 30(b)(6) Deposition Transcript of Simon Callan at 191:17-24 (ECF No. 91-12). |
| 15 | Samsung announced the Galaxy S10 smartphone line – including the Galaxy S10e, Galaxy S10, Galaxy S10+, and Galaxy S10 5G, on February 20, 2019 at its Unpacked Event in San Francisco. | Decl. ¶ 3, Ex. C at 61:20-62:13; 202:20-203:6; *id.* ¶ 9, Ex. I at Response to Interrogatory No. 1. | Undisputed. |

4

PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| Undisputed Fact | | Evidence | Plaintiff's Response |
|---|---|---|---|
| 16 | Samsung has generally promoted its Galaxy S series smartphones, including the Galaxy S10, through a variety of media channels, including in-store marketing and advertisements through wireless carriers and retail stores, online through Samsung.com and various Samsung-owned social media channels, including SEA's Facebook, Instagram, and YouTube webpages, traditional print and media advertisements, including television commercials and online video advertisements, product integrations, partnerships with select celebrities and influencers, and festivals and events. | Decl. ¶ 10, Ex. J at Response to Interrogatory No. 20; *id.* ¶ 3, Ex. At 55:10-23, 106:1-107:19, 108:17-109:13. | Undisputed. |
| 17 | As with Samsung's prior Galaxy S smartphones, Samsung's Galaxy S10 smartphones were sold to consumers through various channels, including through wireless carriers such as AT&T, Verizon, and T-Mobile; retailers such as Best Buy; and online through Samsung's website Samsung.com. | Decl. ¶ 10, Ex. J at Response to Interrogatory No. 17. | Undisputed. |
| 18 | Examples of Samsung's advertising for its Galaxy S10 smartphone are excerpted below: | | Undisputed. |
| 19. |  | Decl. ¶ 64, Ex. LLL 2; *see also* Decl. ¶ 11, Ex. K. | Undisputed. |

PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| Undisputed Fact | | Evidence | Plaintiff's Response |
|---|---|---|---|
| 20 |  | Decl. ¶ 12, Ex. L. | Undisputed. |
| 21 |  | Decl. ¶ 13, Ex. M. | Undisputed. |
| 22 | Examples of Samsung's advertising and marketing for the Galaxy S10 smartphone are set forth in the Appendix to Gregory S. Carpenter's Rebuttal Report. | Decl. ¶ 67, Ex. OOO. | Undisputed. |
| 23 | Samsung markets its Galaxy S series smartphones to anyone in the U.S. in the market for a smartphone. | Decl. ¶ 3, Ex. C at 120:7-10. | Undisputed. |
| 24 | In 2019, Samsung offered promotions with YouTube and Spotify whereby purchasers of Samsung mobile devices, such as Galaxy S10 or Galaxy Note 10 devices, could receive free introductory subscriptions to YouTube premium or Spotify. | Decl. ¶ 14, Ex. N at 21:22 - 22:7, 95:4-14. | Undisputed. |
| 25 | Samsung conducted a Samsung Experience Tour from March 8, 2019 through May 31, 2019, which consisted of pop-up locations in twelve markets across the United States at which | Decl. ¶ 15, Ex. O at SAMSUNG_00096060. | Undisputed. |

6

PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| | Undisputed Fact | Evidence | Plaintiff's Response |
|---|---|---|---|
| | consumers could interact with various Samsung devices. | | |
| 26. | As part of the Samsung Experience Tour, Samsung hosted a pop-up location in Austin, Texas during the Music Festival ("SXSW"). Example collateral used in connection with the Samsung Experience Tour is excerpted below:  | Decl. ¶ 15, Ex. O at SAMSUNG_00096080. | Undisputed. |
| 27 | The SXSW pop-up location was open for ten days and attracted ▇▇ unique visitors. | Decl. ¶ 16, Ex. P at 143:9-144:18; *id.* ¶ 15, Ex. O at SAMSUNG_00096063 and 71. | Undisputed. |
| 28 | Samsung promoted the Galaxy S10 smartphone at events hosted by Samsung, including an event in New York City called Happy Galaxy Day at which the musical artist known as ▇▇ performed. | Decl. ¶ 17, Ex. Q ¶ 11. | Undisputed. |
| 29 | From the launch of the Galaxy S in 2010 through the launch of the Galaxy S10 in 2019, Samsung spent over ▇▇ marketing its Galaxy S series smartphones. | Decl. ¶ 6, Ex. F Figure 4; *see also id.* ¶ 18, Ex. R and ¶ 19, Ex. S. | Undisputed. |
| 30 | Consistent with Samsung's marketing campaigns for prior Galaxy S series devices, Samsung's marketing efforts specific to the Galaxy S10 were almost exclusively concentrated in 2019. SEA spent ▇▇ | Decl. ¶ 18, Ex. R. | Undisputed. |

7

PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| Undisputed Fact | | Evidence | Plaintiff's Response |
|---|---|---|---|
| | specifically promoting Galaxy S10 smartphones in the United States in 2019 and only ███ in 2020. | | |
| 31 | Samsung launched the Galaxy S20 in February 2020. | Decl. ¶ 20, Ex. T at 67:16-68:16 and ¶ 21, Ex. U. | Undisputed. |
| 32 | S10 Entertainment was created in 2017 as a full-service talent management company for the purposes of managing, promoting, publishing and producing the music of talented and emerging artists within the music industry. | First Amended Complaint ¶ 2. (Dkt. 37); Decl. ¶ 22, Ex. V at 19:16-21. | Undisputed. |
| 33 | Brandon Silverstein ("Silverstein") is S10 Entertainment's founder, Chief Executive Officer, ███ ███ | Decl. ¶ 20, Ex. T at 17:4-17; 39:9¬10, 135:3-24. | Undisputed. |
| 34 | Silverstein testified ███ ███ ███ ███ | Decl. ¶ 23, Ex. W at 394:21-395:3. | Disputed. S10 Entertainment's 30(b)(6) witness testified about streams of revenue at the time of his deposition on September 16, 2022. *See* Ex. W (ECF No. 98-16) at 394:21-395:3. |
| 35 | Silverstein confirmed ███ ███ ███ ███ ███ | Decl. ¶ 23, Ex. W at 395:5-395:9. | Undisputed. |
| 36 | Silverstein testified, on behalf of S10 Entertainment, ███ ███ ███ ███ | Decl. ¶ 20, Ex. T at 179:11, 228:3-8. | Undisputed. |

PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| Undisputed Fact | Evidence | Plaintiff's Response |
|---|---|---|
| 37 ██████████████ ██████████████████ ████████ | Decl. ¶ 23, Ex. W at 393:16-394:2; *id.* ¶ 22, Ex. V at 41:23-42:1. | Undisputed; as of the date of this filing. |
| 38 ██████████████ ██████████████ | Decl. ¶ 20, Ex. T at 158:23-159:2. | Undisputed. |
| 39 The music industry ecosystem in which S10 Entertainment operates is complex, involving multiple participants with varying roles. Participants include talent managers, such as Silverstein; recording artists, such as S10 Entertainment clients Normani and Anitta; record labels (*e.g.*, Warner Music Group, Universal Music Group); music publishers (*e.g.*, Universal Music Publishing Group); and digital service/streaming providers (*e.g.*, Spotify, Apple Music). | Decl. ¶ 23, Ex. X ¶¶ 11, 15, 16. | Undisputed. |
| 40 █████████████ ████████████ ████████████ ██████████ ███████ ████████ ██████████ █████████████ █████████████ ██████ | Decl. ¶ 25, Ex. Y at 36:15-23. | Disputed as to the characterization of 'highly personalized' and 'one-on-one in nature.' |
| 41 ████████████ █████████████ ████████ ██████ | Decl. ¶ 20, Ex. T at 186:3-9. | Undisputed. |
| 42 ████████████ ███████████ █████████████ ████████ ████████ █████████████ ██████ | Decl. ¶ 22, Ex. V at Tr. 88:15-20; *id.* ¶ 25, Ex. Y at 43:8-24. | Undisputed. |

9
PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| Undisputed Fact | | Evidence | Plaintiff's Response |
|---|---|---|---|
| 43 | The use of word of mouth and personal relationships is common in the music industry. For example, Tim Blacksmith testified that Silverstein introduced him to Anitta, and Blacksmith in turn refers Anitta to clients and other friends of his in the industry. | Decl. ¶ 26, Ex. Z at 43:23-45:10. | Undisputed. |
| 44 | ███████████████ ███████ ███████████ ████████████ █████████████ ████████████ ███████████ ████████ | Decl. ¶¶ 27-31, Exs. AA, BB, Exs. CC, DD, Ex. EE; *see also id.* ¶ 20, Ex. T at 206:10-14, 206:23-207:10, 225:8-14. | Undisputed. |
| 45 | S10 Entertainment claims it provides full-service talent management and music publishing services and acts as a record label to musical artists and their various managers. Specifically, S10 Entertainment states that it acts as a liaison and representative between musical artists and publishing companies, record labels, and festival organizers and publishes music and records. | Decl. ¶ 45, Ex. SS at Response to Interrogatory No. 14 | Undisputed. |
| 46 | ███████████ ██████████ ███████████████ █████████████ ████████████ ██████████ ███ | Decl. ¶ 22, Ex. V at 37:16-38:6; 84:13-15. | Undisputed. |
| 47 | ████████████ ████████████ ████████████ | Decl. ¶ 24, Ex. X, ¶¶ 49-50; *id.* ¶ 16, Ex. P, Petrey Dep. Tr. 65:10-15, 179:1-11. | Undisputed. |

10

PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| Undisputed Fact | Evidence | Plaintiff's Response |
|---|---|---|
| ▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇ | | |
| 48 ▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇ | Decl. ¶ 16, Ex. P, at 135:7-22, 179:1-11; and *id.* ¶ 33, Ex. GG. | Undisputed. |
| 49 ▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇ ▇▇▇▇▇ | Decl. ¶ 20, Ex. T at 146:3-12, 171:17-172:5 *id.* ¶¶ 34-35, Exs. HH and II; *id.* ¶ 23, Ex. W at 316:12-15, 320:11-13, 321:9-17 and *id.* ¶¶ 36-38, Exs. JJ, KK, LL. | Undisputed. |
| 50 Silverstein was introduced to Normani in about 2017, and she signed with S10 Entertainment in about October 2017. | Decl. ¶ 17, Ex. Q ¶¶ 1-3; *id.* ¶ 20, Ex. T at 92:4-93:2. | Undisputed. |
| 51 ▇▇▇▇▇▇▇▇ ▇▇▇▇▇ | Decl. ¶ 22, Ex. V at 23:18-23; *id.* ¶39, Ex. MM. | Undisputed. |
| 52 ▇▇▇▇▇▇ ▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇ ▇ | Decl. ¶ 17, Ex. Q ¶ 1; Decl. ¶ 20, Ex. T at 91:10-18. | Undisputed. |
| 53 ▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇ ▇▇▇▇▇ | Decl. ¶ 17, Ex. Q ¶ 15 | Undisputed. |
| 54 ▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇ | Decl. ¶ 17, Ex. Q ¶ 16 | Undisputed. |
| 55 ▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇ ▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇ | Decl. ¶ 17, Ex. Q ¶¶ 4-8. | Undisputed. |

11

PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| Undisputed Fact | | Evidence | Plaintiff's Response |
|---|---|---|---|
| | ███████████████ ███████████████ ███████████████ ████████████ ██████████ | | |
| 56 | Silverstein signed Anitta in about July 2019 ████████ ██████████ █████████ ███████ | Decl. ¶ 40, Ex. NN ¶¶ 1-2 and Exhibit A; *id.* ¶ 25, Ex. Y at 32:1-33:1. | Undisputed. |
| 57 | ██████████ ██████████ █████████████ | Decl. ¶ 40, Ex. NN Exhibit A. | Undisputed. |
| 58 | █████████████ █████████████ ██████████ ████████████ ██████████ █████████████ █████████████ █████████████ ████████████ ███████████ ████████████ ██████ | Decl. ¶ 40, Ex. NN ¶ 2 and Exhibit A. | Undisputed. |
| 59 | ████████████ ████████████ ████████████ █████████ ██████████ ████████████ ███████ | Decl. ¶ 40, Ex. NN ¶¶ 4-5. | Undisputed. |
| 60 | █████████████ ██████████ ██████ | Decl. ¶ 40, Ex. NN ¶ 18. | Undisputed. |
| 61 | █████████████ █████████████ | Decl. ¶ 40, Ex. NN ¶ 19. | Undisputed. |

PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| | Undisputed Fact | Evidence | Plaintiff's Response |
|---|---|---|---|
| | ██████████████ ████████ | | |
| 62 | ████████████ ██████████ ████████████ ████████████ ██████████████ █████ | Decl. ¶ 40, Ex. NN ¶ 20. | Undisputed. |
| 63 | S10 Entertainment signed the musical artist known as Bazzi for talent management services in about November 2019. | Decl. ¶ 41 Ex. OO. | Undisputed. |
| 64 | Bazzi was introduced to S10 Entertainment through Josh Klein, who represented him at the time as a financial manager. | Decl. ¶ 42, Ex. PP at 80:20-24. | Undisputed. |
| 65 | ██████████████ ██████████ █████████████ ████ | Decl. ¶ 22, Ex. V at 49:15-50:15; *id.* ¶ 20, Ex. T at 265:1-9. | Disputed. █████ has not been deposed in this action and this statement conflates the testimony of S10 Entertainment employees. (See Ex. V at 49:15-50:15; *id.* ¶ 20, Ex. T at 265:1-9, cited by Samsung in support.) |
| 66 | ██████████████ ████████████ ██████████ ██████████ ████████████ ████████████ ██████████ | Decl. ¶ 22, Ex. V at 41:8-20; *id.* ¶ 20, Ex. T at 265:1-9. | Disputed. ████████ has not been deposed in this action and this statement conflates the testimony of S10 Entertainment employees. (See Ex. V at 41:8-20; *id.* ¶ 20, Ex. T at 265:1-9, cited by Samsung in support.) |
| 67 | ██████████████ ████████████ ██████████████ ████████ | Decl. ¶ 23, Ex. W at 396:9-397:24. | Disputed as to phrasing. Mischaracterizes testimony. |

13

PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| Undisputed Fact | | Evidence | Plaintiff's Response |
|---|---|---|---|
| 68 | S10 Entertainment maintains social media accounts, including Instagram and Twitter. | Decl. ¶ 23, Ex. W at 330:24-331:2. | Undisputed. |
| 69 | S10 Entertainment maintains a website, ████████ ████████████████████ ████████████████ ██████████ | Decl. ¶ 23, Ex. W at 329:16-333:16. | Undisputed. |
| 70 | S10 Entertainment's social media expert testified that S10 Entertainment and Samsung use their respective social media pages in different ways, stating: "They use them differently presumably because they're marketing – one is marketing electronics. The other is marketing services and products that they have in the music industry." | Decl. ¶ 16, Ex. P at 141:11-20. | Undisputed. |
| 71 | ████████████████ ██████████ ████████████████ ████████ | Decl. ¶ 23, Ex. W at 389:24-391:6. | Disputed. See, ¶74, below. |
| 72 | ██████████████ ████████████ ████████████████ ██████ | Decl. ¶ 22, Ex. V at 73:23-75:10; *id.* ¶ 25, Ex. Y at 54:22-55:23. | Disputed as the characterization of S10 Entertainment's advertisements. |
| 73 | ██████████████ ████████████████ ██████████ | Decl. ¶ 25, Ex. Y at 55:24-56:10. | Undisputed. |
| 74 | ██████████████ ████████████ ██████████ ████████████ ██████████████ ██████████████ ████████████ ██████████████ ██████████████ | Decl. ¶¶ 34-38, Exs. HH, II, JJ, KK, & LL. | Undisputed. |

PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| Undisputed Fact | Evidence | Plaintiff's Response |
|---|---|---|
| ████████████████<br>████████████ | | |
| 75 ████████████<br>█████████████<br>███████████████<br>█████████████<br>████████████<br>█████████████<br>███████████<br>█████████████. | Decl. ¶ 22, Ex. V at 39:16-40:14; *id.* ¶ 25, Ex. Y at 41:7-22. | Undisputed. |
| 76 █████████████<br>███████████<br>█████████████<br>██████████████<br>████████████<br>█████████████ | Decl. ¶¶ 43-44, Exs. QQ & RR. | Undisputed. |
| 77 █████████████<br>███████████<br>██████████████<br>█████████ | Decl. ¶ 45, Ex. SS at Response to Interrogatory No. 12. | Disputed.  List is incomplete.  Omits other aspects of S10 Entertainment's business and potential competitors. |
| 78 ████████████<br>█████████████<br>██████████████<br>██████████████<br>████████████<br>██████████████<br>█████████████<br>███████████ | Decl. ¶ 23, Ex. W at 410:2-411:13, 412:13-22. | Undisputed. |
| 79 █████████████<br>██████████████<br>███████████<br>████████████<br>███████████<br>████████████<br>████████ | Decl. ¶ 23, Ex. W at 410:2-411:7. | Undisputed. |

PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| Undisputed Fact | Evidence | Plaintiff's Response |
|---|---|---|
| 80 | ████████████████ ██████████████ ███████████ ██████████████ █████████████ ████████ | Decl. ¶ 23, Ex. W at 407:11-409:1; 409:10-410:1. | Undisputed. |
| 81 | On May 18, 2018, S10 Entertainment filed an application to register the standard character mark "S10" in connection with the following goods and services:<br><br>• **Class 025: Clothing, namely, t-shirts, hooded pullovers and sweatshirts;**<br>• **Class 035: Management of performing artists; Artist representation and artist management services, namely, management and administration of contract negotiation, and organization and execution of contract tours and appearances; Business marketing for recording and performing artists;**<br>• **Class 041: Entertainment services, namely, recording, production and post-production services in the field of music and music videos; organizing events featuring live musical performances, producing and distributing digital content in the field of music.** | Decl. ¶ 26, Ex. TT. | Undisputed. |
| 82 | The application matured to U.S. Reg. No. 5,909,315. | Decl. ¶ 46, Ex. TT. | Undisputed. |
| 83 | S10 Entertainment did not seek and does not have a registration for use of "S10" in connection | Decl. ¶ 46, Ex. TT. | Undisputed. |

16

PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| | Undisputed Fact | Evidence | Plaintiff's Response |
|---|---|---|---|
| | with smartphones or any other consumer electronic devices in Class 9. | | |
| 84 | On its website, S10 Entertainment's mark appears in yellow font against a black background in between images of its artists, as depicted below.  | Decl. ¶ 27, Ex. UU p. 10; *id.* ¶ 64, Ex. LLL p. 2. | Disputed. This is just one example of S10 Entertainment's use of its mark on its website. |
| 85 | S10 Entertainment's S10 Mark appears on its Instagram account in yellow font with a black background.  | Decl. ¶ 47, Ex. UU p. 20. | Disputed. This is just one example of S10 Entertainment's use of its mark on its Instagram account. |
| 86 | On S10 Entertainment's Twitter age, S10 Entertainment's S10 Mark appears in yellow font against a black background and in | Decl. ¶ 47, Ex. UU, p. 23. | Disputed as to the meaning of "close proximity." The S10 Mark appears in yellow font against a black |

17
PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| Undisputed Fact | Evidence | Plaintiff's Response |
|---|---|---|
| close proximity to the word "Entertainment."<br> | | background, on its own. "S10 Entertainment" also appears, separately, on the page displayed. |
| 87 In addition to "S10," S10 Entertainment uses the composite mark S10 ENTERTAINMENT. | Decl. ¶ 23, Ex. W at 328:6-10. | Undisputed. |
| 88 Brandon Silverstein was introduced to SEA in November 2018. | Decl. ¶ 20, Ex. T at 107:1-108:12; *id.* ¶ 48, Ex. VV. | Undisputed. |
| 89 It was in November that SEA became aware of plaintiff S10 Entertainment. | Decl. ¶ 49, Ex. WW at 191:17-23. | Undisputed to the extent this fact is referring to November **2018**. |
| 90 ███████████████ ███████████████ ███████████████ ███████████ | Decl. ¶ 17, Ex. Q ¶ 12. | Disputed to the extent that this characterization omits the fact these negotiations were at the request of ████████ |
| 91 ███████████████ ███████████████ ███████████████ ██████████ ████ | Decl. ¶ 50, Ex. XX, at S10ENT_0010352-53. | Disputed to the extent that this characterization omits the fact these negotiations were at the request of ████████ |
| 92 ███████████████ ███████████████ ███████████████ ██████████ ███████████████ ███████████████ | Decl. ¶ 20, Ex. T at 99:3-102:15; *id.* ¶ 51, Ex. YY. | Disputed to the extent that this characterization omits the fact this was done at the request of ████████ |
| 93 ███████████████ ███████████████ ██████████ | Decl. ¶ 23, Ex. W at 372:19-374:15; *id.* ¶ 52, | Disputed to the extent that this characterization omits the fact these |

18
PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| Undisputed Fact | Evidence | Plaintiff's Response |
|---|---|---|
| ███████████████ ██ | Ex. ZZ; *id.* ¶ 17 Ex. Q ¶ 12. | negotiations were at the request of ███████ |
| 94 ████████████████ ██████████████ ██████████████ █████████████ ███████████ ████████████████ ████████████████ ████████████████ █████████ | Decl. ¶ 17, Ex. Q ¶ 10 and Exhibit A. | Undisputed. |
| 95 ████████████ ██████████ ██████████ █████████████ ██ | Decl. ¶ 40, Ex. NN ¶ 7. | Undisputed. |
| 96 ████████████ ████████████ █████████ | Decl. ¶ 20, Ex. T, at 269:4-13; see also *id.* ¶ 23, Ex. W at 413:16-22; 468:1-5. | Undisputed. |
| 97 ████████████ ██████████████ █████████████ █████████████ ███████ | Decl. ¶ 23, Ex. W at 415:1-11; *id.* ¶¶ 53-54, Exs. AAA, BBB. | Disputed to the extent that this characterization omits the fact these negotiations were at the request of ███████ |
| 98 ████████████████ ██████████████ ████████████████ ██████████████ ████████████ ████████████ ██████████████ ███████████ ██████████████ ██████████ ████████████ █████████ ██████████████ | Decl. ¶ 17, Ex. Q Exhibit B; *id.* ¶ 22, Ex. V at 101:9-105:1 and *id.* ¶ 55, Ex. CCC. | Undisputed as to Mr. Cao's role.<br><br>Disputed to the extent that this characterization omits the fact this was done at the request of<br><br>███████ |

PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| Undisputed Fact | Evidence | Plaintiff's Response |
|---|---|---|
| 99 ███████ | Decl. ¶ 23, Ex. W at 414:5-415:11; *id.* ¶¶ 27-28, Exs. AA, BB. | Undisputed. |
| 100 ███████ | Decl. ¶ 40, Ex. NN ¶ 15. | Undisputed. |
| 101 ███████ | Decl. ¶ 40, Ex. NN ¶¶ 9-12 and Exhibits B-E. | Undisputed. |
| 102 ███████ | Decl. ¶ 23, Ex. W at 453:23-454:5 and *id.* ¶ 56, Ex. DDD; *id.* ¶ 25, Ex. T at 50:24-52:9. | Disputed to the extent that this characterization omits the fact that these discussions were at the request of ████ |
| 103 ███████ | Decl. ¶ 40, Ex. NN ¶ 16. | Undisputed. |
| 104 ███████ | Decl. ¶ 25, Ex. Y at 88:23-90:11 and *id.* ¶ 57, Ex. EEE. | Undisputed. |
| 105 ███████ | Decl. ¶ 23, Ex. W at 434:24-437:20 and *id.* ¶ 58, Ex. FFF. | Disputed to the extent that this characterization omits the fact that these discussions were at the request of ████ |
| 106 ███████ | Decl. ¶ 23, Ex. W at 456:18-460:8, 466:7-18; | Disputed to the extent that this characterization omits |

PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| Undisputed Fact | Evidence | Plaintiff's Response |
|---|---|---|
| ███████████████████ ███████████████ ██████████ | *id.* ¶¶ 59-60, Exs. GGG, HHH. | the fact that these discussions were at the request of █████ |
| 107  ███████████████████ ██████████████████ ████████████ ████████████ ████████████ ██████ | Decl. ¶ 23, Ex. W at 384:19-386:7; *id.* ¶ 61, Ex. III. | Disputed to the extent that this characterization implies a connection between the two events. |
| 108  S10 Entertainment never raised the allegations it makes in this suit with Samsung prior to filing the complaint on March 19, 2021. | Decl. ¶ 32, Ex. FF at Response to Interrogatory No. 8. | Undisputed. |
| 109  In interrogatory responses, S10 Entertainment identifies instances it contends reflect actual confusion following the release of Samsung's Galaxy S10 smartphone:<br><br>• **"July 16, 2019 tweet and responses on the Twitter platform, as depicted in paragraph 58 of the Amended Complaint;"**<br>• **"Messages to S10 Entertainment Instagram account from users inquiring about or indicating they intend to purchase a Samsung S10 phone, including those dated May 29, 2019 and December 19, 2019 as depicted in paragraph 59 of the Amended Complaint;"**<br>• **"Content tagged with S10 Entertainment's Instagram user name on various dates, examples of which are depicted in paragraphs 60 and 61 of the Amended Complaint;"** | Decl. ¶ 62, Ex. JJJ at Response to Interrogatory No. 1. | Undisputed. |

21

PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| | Undisputed Fact | Evidence | Plaintiff's Response |
|---|---|---|---|
| | • "Google search results for "S10" which are uniformly associated with Samsung after the introduction of the "S10" phone that made use of S10's Mark or a confusingly similar variation of the mark;"<br>• A conversation with Tim Blacksmith, a music publisher;<br>• A conversation with Josh Klein, Normani's business manager in the music industry; and<br>• Jay Cao, S10 Entertainment employee since 2017. | | |
| 110 | S10 Entertainment has not removed mistags from its Instagram account, and the "tagged posts" section of its Instagram Account included mistags related to smartphones, the Chevy S-10 pickup truck, S10 Fitness, and the Dutch rapper S10, at least as of November 10, 2022. | Decl. ¶ 63, Ex. KKK ¶¶ 21-28. | Disputed. This statement is based on conjecture by Samsung's expert. |
| 111 | When asked if he "ever believed that Samsung was the owner or otherwise responsive for the services offered by S10 Entertainment," Mr. Blacksmith testified "No. I did not." | Decl. ¶ 26, Ex. Z at 64:24-65:3. | Undisputed. |
| 112 | When asked if he "ever believed that S10 Entertainment was a produce or seller of Samsung Galaxy S10 Smartphones," Mr. Blacksmith testified "I never believed he was the producer of the smartphone." | Decl. ¶ 26, Ex. Z at 64:15-19. | Undisputed. |
| 113 | Mr. Blacksmith testified that he personally did not purchase a Galaxy S10 smartphone believing | Decl. ¶ 26, Ex. Z at 68:5-18. | Undisputed. |

22
PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| Undisputed Fact | | Evidence | Plaintiff's Response |
|---|---|---|---|
| | it was associated with S10 Entertainment and he further was not aware of anyone who had. | | |
| 114 | Normani, Anitta, Jacob Banks, and Bazzi are all clients of Josh Klein. Mr. Klein was introduced to Anitta through his relationships in the industry, including Silverstein, Anitta's attorney Ed Shapiro, and Anitta's agency. | Decl. ¶ 42, Ex. PP at 55:5-57:18; 69:2-14. | Undisputed. |
| 115 | Mr. Klein testified that he never believed that S10 Entertainment was manufacturing or selling smartphones. | Decl. ¶ 42, Ex. PP at 95:12-22. | Undisputed. |
| 116 | When asked if he thought "that Samsung was offering S10 Entertainment services," Mr. Klein laughed and testified that he "didn't think Samsung was offering talent management services or publishing records." When asked why he found the question funny, he testified "it's funny because they're a tech company." | Decl. ¶ 42, Ex. PP at 96:12-21. | Undisputed. |
| 117 | Mr. Klein testified that he did not purchase, and he did not know anyone who purchased, a Samsung Galaxy S10 smartphone believing it was associated with S10 Entertainment. | Decl. ¶ 42, Ex. PP at 96:24-97:12. | Undisputed. |
| 118 | Silverstein, on behalf of S10 Entertainment, testified ███ ███████████████ ████████████ ██████████████ ███████████ █████ ██████████████ █████████ ██████████████ ████████ | Decl. ¶ 20, Ex. T at 254:24-257:23; 260:4-24. | Undisputed. |

PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| Undisputed Fact | Evidence | Plaintiff's Response |
|---|---|---|
| ██████████████████ ███████ | | |
| 119 ██████████████████ ███████████ ████ | Decl. ¶ 20, Ex. T at 259:3-6. | Undisputed. |
| 120 Tim Blacksmith testified that he considers Brandon Silverstein to be both a colleague and a friend and ███████████████ | Decl. ¶ 26, Ex. Z at 35:13-16; 36:16-23. | Disputed as to the meaning of "friend" to the extent Samsung is relying upon this suggest that this testimony is biased or untruthful. |
| 121 Josh Klein testified that he considers Brandon Silverstein to be a friend. | Decl. ¶ 42, Ex. PP at 66:2-4. | Disputed as to the meaning of "friend" to the extent Samsung is relying upon this suggest that this testimony is biased or untruthful. |
| 122 S10 Entertainment's proffered social media expert Cassie Petrey confirmed she would be uncomfortable "speculating on the consumer sentiment" behind certain comments on S10 Entertainment's Instagram posts. She further testified that "it's hard to make too many assumptions off of a short sentence, unless you talk to somebody and really read them and get to the bottom of it." | Decl. ¶ 16, Ex. P at 157:14-19; 158:15-23. | Undisputed. |
| 123 Petrey acknowledged that she had not conducted any investigation to determine the location of users making the social media posts she cited in her expert report. | Decl. ¶ 16, Ex. P at 129:1-19. | Disputed.  Ms. Petrey testified that she could not recall if she viewed the users' profiles to see if their locations could be determined. (See Ex. P at 129:1-19, cited by Samsung). |

PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| | Undisputed Fact | Evidence | Plaintiff's Response |
|---|---|---|---|
| 124 | Petrey acknowledged that, ███████ ████████████████ ████████████████ ████████████████ ████████████████ ████████████████ | Decl. ¶ 16, Ex. P at 131:24-132:7. | Disputed. Testimony is based on a hypothetical and is speculative. |
| 125 | ████████████████ ████████████████ ████████████████ ████████████████ ████████████████ ████████████████ ███████████████ ████████████████ ████████████████ | Decl. ¶ 16, Ex. P at 106:25-107:4. | Disputed. Testimony is based on a hypothetical and is speculative. |
| 126 | ████████████████ ████████████████ ████████████████ ███████████████ | Decl. ¶ 16, Ex. P at 132:3-7. | Disputed. Testimony is based on a hypothetical and is speculative. |
| 127 | S10 Entertainment's survey expert, Mark Keegan, designed and executed what he characterized as an *Eveready* likelihood of confusion survey that surveyed what he stated to be a universe consisting of "likely purchasers of S10 Entertainment's services" and "other relevant consumers who are likely to have exposure to the plaintiff's mark via their interest in the types of music that are produced by S10 Entertainment." | Decl. ¶ 64, Ex. LLL ¶ 22. | Disputed to the extent that this suggest that Mr. Keegan's survey was not an *Eveready* survey. |
| 128 | The survey qualified respondents by reference to whether they were both (1) employed in entertainment or entertainment management or listened to modern pop, modern R&B, modern rap, | Decl. ¶ 64, Ex. LLL, ¶ 23 | Undisputed. |

25
PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| | Undisputed Fact | Evidence | Plaintiff's Response |
|---|---|---|---|
| | and/or Latin in the last year, *and* (2) shopped for a cell phone in the last three years. | | |
| 129 | The survey asked respondents questions about whether they shopped for cell phones, and in asking about the types of cell phones a survey question provided iPhone, Samsung, and Google Pixel as examples of cell phones. | Decl. ¶ 64, Ex. LLL at KEEGAN_EXHIBITS_ 26. | Undisputed. |
| 130 | Once qualified, survey respondents were shown the name "S10" in standard characters followed by a description of services prepared by Mr. Keegan, and the "S10" shown was not S10 Entertainment branding used in the marketplace. Respondents were then were presented the question, "If you know, what company uses the [S10] name you saw." | Decl. ¶ 64, Ex. LLL at KEEGAN_EXHIBITS_ 30-32. | Disputed as to the characterizations. The survey speaks for itself. |
| 131 | Keegan characterized the result of his survey as a net 26.7 percent confusion among respondents in the test cell. | Decl. ¶ 64, Ex. LLL ¶ 6. | Disputed as to the use of the term "characterized." The survey results speak for themselves. |
| 132 | ███████████████████ ███████████████████ ███████████████████ ████████████ | Decl. ¶ 47, Ex. UU ¶ 54; *id.* ¶ 65, Ex. MMM. | The document speaks for itself, but disputed that the outcome or methodology are accurate. |
| 132 | In responding to Samsung's interrogatory calling for the legal and factual basis for any damages theories it was pursuing, S10 Entertainment did not disclose any theories, facts, or computations, and instead stated it "will disclose its damages theories and calculations, in connection with expert disclosures." | Decl. ¶ 25, Ex. SS at Response to Interrogatory No. 13. | Disputed as to mischaracterization of response. The Interrogatory response speaks for itself. |

PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| Undisputed Fact | Evidence | Plaintiff's Response |
|---|---|---|
| 133 | The only theory of recovery and computation disclosed in S10 Entertainment's expert disclosures was disgorgement based on unjust enrichement. | Decl. ¶ 66, Ex. NNN. | Disputed.  See S10 Entertainment's Opposition to Motion to Strike the Jury Demand, filed concurrently on January 3, 2022.  The expert disclosures speak for themselves. |

DATED: January 3, 2023

Respectfully submitted,

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY & POPEO, P.C.

By: /s/ *Andrew D. Skale*
    Andrew D. Skale (211096)
    Michael T. Renaud
    (*Pro Hac Vice Application Pending*)
    Matthew S. Hurley
    (Admitted *Pro Hac Vice*)
    Michael R. Graif
    (Admitted *Pro Hac Vice* )
    James J. Thomson
    (Admitted *Pro Hac Vice*)
    Oliver Ennis
    (Admitted *Pro Hac Vice*)

Attorneys for Plaintiff S10 Entertainment & Media LLC

PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

1

## CERTIFICATE OF SERVICE

2     I hereby certify that on January 3, 2023, a true and correct copy of the

3  foregoing was filed electronically using the Court's CM/ECF system, which shall

4  send notifications of such filing to all counsel of record. Any counsel of record who

5  has not consented to electronic service through the Court's CM/ECF system will be

6  served by electronic mail.

7

8     By: */s/ Andrew D. Skale*

9     Andrew D. Skale (SBN 211096)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

28

PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

501390200v.1