1  MINTZ LEVIN COHN FERRIS
2  GLOVSKY AND POPEO, P.C.
   Andrew D. Skale (SBN 211096)
3  adskale@mintz.com
4  Matthew S. Hurley (Admitted *Pro Hac Vice*)
   mshurley@mintz.com
5  Michael R. Graif (Admitted *Pro Hac Vice*)
6  Mrgraif@mintz.com
   3580 Carmel Mountain Road
7  Suite 300
8  San Diego, CA 92130
   (858) 314-1500
9
10 *Attorneys for Plaintiff*
   *S10 Entertainment & Media LLC*
11
12          **UNITED STATES DISTRICT COURT**
            **CENTRAL DISTRICT OF CALIFORNIA**
13
14 S10 ENTERTAINMENT & MEDIA   )   Case No. 2:21-cv-2443-CAS-JPR
   LLC,                         )   **REDACTED**
15                              )   **PLAINTIFF S10'S OPPOSITION**
                   Plaintiff,   )   **TO DEFENDANTS' CORRECTED**
16                              )   **MOTION TO STRIKE JURY**
         vs.                    )   **DEMAND (ECF No. 106-1)**
17                              )
   SAMSUNG ELECTRONICS CO.,     )
18 LTD.; and SAMSUNG            )   Date:  January 23, 2023
   ELECTRONICS AMERICA, INC.,   )   Time:  10:00 a.m.
19                              )   Hon. Christina A. Snyder
                   Defendants.  )   Courtroom:  8D, 350 W. First Street
20                              )
                                )
21                              )
                                )
22 _____)
23
24
25
26
27
28

---
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE JURY DEMAND

# TABLE OF CONTENTS

I.      INTRODUCTION ........................................................................................1

II.     RELEVANT FACTUAL BACKGROUND .................................................2

III.    ARGUMENT ..............................................................................................4

     a.    Legal Standard ................................................................................4

     b.    The Unfair Competition Claims Go to the Jury.............................5

     c.    The Jury Should be Permitted to Award Damages for The
        Reputational Harm S10 Entertainment has Suffered..............................6

     d.    The Jury Should Assess Whether Samsung Willfully Infringed
        S10's Mark .......................................................................................8

IV.     CONCLUSION..........................................................................................10

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE JURY DEMAND

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Cleary v. News Corp.*,
   30 F.3d 1255 (9th Cir. 1994) ....................................................................5

*Coach, Inc. v. Citi Trends, Inc.*,
   No. CV 17-4775 DMG (KSX), 2019 WL 6354367 (C.D. Cal. Oct. 23, 2019) ......................6

*Experience Hendrix L.L.C. v. Hendrixlicensing.com Ltd*,
   762 F.3d 829 (9th Cir. 2014) .............................................................1, 7

*Feltner v. Columbia Pictures Television, Inc.*,
   523 U.S. 340 (1998) ....................................................................4, 6

*Glob. Apogee v. Sugarfina, Inc.*,
   No. CV 18-5162-RSWL-E, 2018 WL 4945305 (C.D. Cal. Oct. 10, 2018) ....................5

*Grey v. Campbell Soup Co.*,
   650 F. Supp. 1166 (C.D. Cal. 1986), *aff'd*, 830 F.2d 197 (9th Cir. 1987) ...............5

*Harbor Breeze Corp. v. Newport Landing Sportfishing, Inc.*,
   28 F.4th 35 (9th Cir. 2022) .............................................................8

*Juul Labs, Inc. v. Chou*,
   557 F. Supp. 3d 1041 (C.D. Cal. 2021) ....................................................9

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
   572 U.S. 118 .........................................................................7

*Marketquest Grp., Inc. v. BIC Corp.*,
   862 F.3d 927 (9th Cir. 2017) ..........................................................8, 9

*Michael Levine, Inc. v. Connect Apparel, LLC*,
   No. CV 21-3668-MWF (SKX), 2021 WL 4732924 (C.D. Cal. Aug. 16, 2021) ......................6

*Neighborhood Assistance Corp. of Am. v. First One Lending Corp.*,
   No. SACV 12-463-DOC, 2012 WL 1698368 (C.D. Cal. May 15, 2012) ...............7

*Romag Fasteners, Inc v. Fossil, Inc.*,
   140 S. Ct. 1492 (2020) ..............................................................8

*S.E.C. v. Rind*,
   991 F.2d 1486 (9th Cir. 1993) .........................................................4

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE JURY DEMAND

*Spin Master, Ltd. v. Zobmondo Ent., LLC,*
    944 F. Supp. 2d 830 (C.D. Cal. 2012) ...................................................6

*Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush and Co., Inc.,*
    240 F.3d 832 (9th Cir. 2001) ...............................................................8

**Federal Statutes**

§ 32(1), 15 U.S.C. § 1114(1) ....................................................................5

15 U.S.C. § 1114 .......................................................................................2

15 U.S.C. §§ 1114, 1125(a) ......................................................................2

15 U.S.C. § 1125(a) ..............................................................................2, 5

Lanham Act..........................................................................................5, 7, 8

**State Statutes**

Cal. Bus. & Prof. Code § 17200 ...............................................................5

Cal. Bus. & Prof. Code § 17200 et seq. ....................................................2

**Other Authorities**

Fed. R. Civ. Pro. 26(a)(1)(A) ...................................................................2

Fed. R. Civ. Pro. 38(b)..............................................................................2

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE JURY DEMAND

## I.    INTRODUCTION

Defendants Samsung Electronics Co, Ltd. and Samsung Electronics America, Inc. (collectively "Samsung" or "Defendants") seek to deny Plaintiff S10 Entertainment & Media LLC ("S10 Entertainment") of its Constitutional right to a jury trial, based on the false premise that only equitable relief remains in this case. Samsung is wrong in its assertion that S10 Entertainment has abandoned or foreclosed all other forms of damages available in this action other than disgorgement.

Simply because S10 Entertainment's expert provided calculations as to disgorgement, does not mean S10 Entertainment waived any other form of damages. Quite to the contrary, the law is clear that a damages calculation based on reputational harm is not usually the basis of expert testimony as "[d]amages for loss of professional reputation are not the type of damages which can be proved with mathematical certainty and are usually ***best left as a question of fact for the jury***." *Experience Hendrix L.L.C. v. Hendrixlicensing.com Ltd*, 762 F.3d 829, 845 (9th Cir. 2014) (emphasis added).  Thus, there was no need for an expert on reputation damages.  Regardless, S10 Entertainment never waived the claim as it was clear it was preserving the claim in its Initial Disclosures and Interrogatory Responses.

Moreover, in moving to strike S10 Entertainment's jury demand, Samsung also ignores the fact that S10 Entertainment has claims in common law that still provide a Seventh Amendment right to a jury trial.  S10 Entertainment still seeks damages for its common law claims, including punitive damages.    S10 Entertainment also alleges that Samsung willfully infringed S10 Entertainment's registered trademark, which is a question of fact for the jury to decide and may impact the damages awarded.  Indeed, all of these issues should rightfully go to the jury to assess and quantify the amount of any related damages.

For these reasons, Samsung's Corrected Motion to Strike S10 Entertainment's

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE JURY DEMAND

1  Jury Demand, ECF No. 106-1, should be denied.

2  **II.    RELEVANT FACTUAL BACKGROUND**

3        S10 Entertainment filed its first amended complaint on July 20, 2021, ECF
4  No. 37 ("FAC"), asserting five counts against Samsung related to Samsung's
5  infringement of S10 Entertainment's United States Trademark Registration
6  5,909,315, for the standard character mark "S10" (the "S10 Mark").   In the FAC,
7  S10 Entertainment brought claims under for: (1) Trademark Infringement in
8  violation of 15 U.S.C. § 1114; (2) Trademark Infringement in violation of 15 U.S.C.
9  §1125(a); (3) Contributory Trademark Infringement Under 15 U.S.C. §§ 1114,
10 1125(a); (4) California Common Law Unfair Competition; and (5) Cal. Bus. & Prof.
11 Code § 17200 et seq.  In the FAC, S10 Entertainment sought, *inter alia*, statutory
12 damages, damages for unjust enrichment and/or disgorgement of Samsung's profits,
13 a reasonable royalty on Samsung's sales, damages for corrective advertising, and
14 punitive damages. FAC at 82, 36-37. S10 Entertainment also demanded a jury trial
15 on **all issues triable** pursuant to Fed. R. Civ. Pro. 38(b). *See* FAC at 38 (emphasis
16 added).

17        On November 12, 2021, S10 Entertainment served on Samsung *S10*
18 *Entertainment's Rule 26(a)(1)(A) Initial Disclosures* (the "Initial Disclosures"),
19 which S10 Entertainment made the following disclosure:

20
21        Plaintiff currently anticipates **seeking damages in the categories set**
         **forth in the Complaint**, in amounts to be determined during expert
22        discovery and **trial**. Plaintiff also intends to seek attorney's fees and
23        costs as permitted by applicable law.

24 ECF No. ECF 87-2 at Pg ID #: 1229, Ex. A to Perry Decl. (emphasis added).

25        On November 29, 2021, S10 Entertainment served its *Responses to*
26 *Defendants' First Set of Interrogatories,* which included the following response to
27

28
                                          2

Samsung's interrogatory seeking the basis for S10 Entertainment's contention that Samsung's use of the S10 Mark "has overwhelmed the value, goodwill, and recognizability of S10 Entertainment and its S10 Mark." (the "Harm Interrogatory"):

**INTERROGATORY NO. 2:**
Describe in detail Your basis for the assertion in paragraph 73 of the Complaint that Defendants' use of the Samsung Galaxy S10 Mark "has overwhelmed the value, goodwill, and recognizability of S10 Entertainment and its S10 Mark."

**ANSWER TO INTERROGATORY NO. 2 (excerpted) (emphasis added):**
***S10 Entertainment's ascent…was significantly harmed*** by the introduction of Samsung's "S10" phones (including S10e and S10+) and relentless "S10"-based marketing and promotion in the music industry. ***Prior to Samsung's introduction of the S10 phone in February 2019, executives, artists and other key players in the music industry—and fans of S10-represented artists—associated "S10" with S10 Entertainment. But after the S10 phone's introduction targeted to the music industry, S10 Entertainment's brand was inextricably linked with Samsung*** and the "S10" phone, a use of S10's brand that Samsung did not pay for and that S10 Entertainment did not want (at least absent payment of a significant and negotiated fee, which Samsung made no attempt to secure despite knowing of S10 Entertainment's existence)…. ***This false-association also harmed S10 Entertainment's chances of securing a lucrative partnership arrangement with a company of S10 Entertainment's own choosing***, as such partnerships are not uncommon in the music industry.

January 3, 2023 Declaration of Michael Graif (Graif Decl.), Ex 1 at pgs. 6-7. (emphasis added).

On May 30, 2022, Samsung served on S10 Entertainment *Defendants' Fourth Set of Interrogatories* which included the following interrogatory seeking the legal and factual basis for any such "damages" (the "Damages Interrogatory").

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE JURY DEMAND

In response to Interrogatory number 13, S10 Entertainment provided the following response:

> **RESPONSE TO INTERROGATORY NO. 13:**
> In addition to the General Objections set forth above, Plaintiff objects to this interrogatory to the extent that it is premature. S10 will disclose its damages theories and calculations, in connection with expert disclosures, pursuant to the procedural schedule, and supplement this response if and when appropriate to do so.

ECF 87-4 at Pg ID #: 1243, Perry Decl. Ex. C.

On October 7, 2022, S10 Entertainment disclosed the expert reports of Doug Bania (disclosing S10 Entertainment's disgorgement theory and damages calculation based on that theory) and Cassie Petrey (disclosing S10 Entertainment's theories of the reputational harm that S10 Entertainment has suffered in this matter). *See* ECF Nos. 91-14 ("Bania Opening Expert Report") and 91-15 ("Petrey Opening Expert Report"). Those expert reports provided additional detail on the information disclosed in the Damages and Harm Interrogatories.

On December 26, 2022, Samsung filed its corrected motion to strike S10 Entertainment's jury demand (the "Motion"). ECF No. 106-1.

## III.    ARGUMENT

### a.    Legal Standard

"The Seventh Amendment provides that in Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 347 (1998) (quoting U.S. Const., Amdt. 7). "Two issues are to be addressed in determining whether the right of trial by jury attaches to a statutory claim. First, we must 'compare the statutory action to 18th–century actions brought in the courts of England prior to the merger of the courts of law and equity.' Second, we must 'examine the remedy sought and determine whether it is legal or equitable in nature.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE JURY DEMAND

The second inquiry is more important.'" *S.E.C. v. Rind*, 991 F.2d 1486, 1493 (9th Cir. 1993) (quoting *Tull v. United States,* 481 U.S. 412, 417-18 (1987)).

### b.    The Unfair Competition Claims Go to the Jury

S10 Entertainment's claims under California Common Law Unfair Competition (count 4) and Cal. Bus. & Prof. Code § 17200 (count 5) stem from Samsung's trademark infringement, require the same test, and should go to the jury. ECF No. 37, FAC, at Pg ID #: 183-185.    Notably, Samsung makes no argument concerning S10 Entertainment's claims under California Common Law Unfair Competition (count 4).  However, this claim alone justifies that the case go to the jury.

"Because Plaintiff has sufficiently alleged trademark infringement under the Lanham Act, Plaintiff has also sufficiently alleged its fourth claim for California common law unfair competition." *Glob. Apogee v. Sugarfina, Inc.*, No. CV 18-5162-RSWL-E, 2018 WL 4945305, at *5 (C.D. Cal. Oct. 10, 2018). "The tests for infringement of a federally registered mark under § 32(1), 15 U.S.C. § 1114(1), infringement of a common law trademark, unfair competition under § 43(a), 15 U.S.C. § 1125(a), and common law unfair competition involving trademarks are the same: whether confusion is likely." *Grey v. Campbell Soup Co.*, 650 F. Supp. 1166, 1173 (C.D. Cal. 1986), *aff'd*, 830 F.2d 197 (9th Cir. 1987) (citing *New West Corp. v. NYM Co. of Val., Inc.,* 595 F.2d 1194, 1201 (9th Cir.1979)).  "This Circuit has consistently held that state common law claims of unfair competition  and actions pursuant to California Business and Professions Code § 17200 are 'substantially congruent" to claims made under the Lanham Act….under both, the ultimate test is whether the public is likely to be deceived or confused by the similarity of the marks." *Cleary v. News Corp.*, 30 F.3d 1255, 1262–63 (9th Cir. 1994) (internal quotation and citation omitted).

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE JURY DEMAND

A jury should decide damages related to S10 Entertainment's unfair competition claims. "California common law unfair competition is  coextensive with, and not exclusive of, statutory trademark claims, and can give rise to injunctive relief as well as legal remedies, including punitive damages." *Coach, Inc. v. Citi Trends, Inc.*, No. CV 17-4775 DMG (KSX), 2019 WL 6354367, at *12 (C.D. Cal. Oct. 23, 2019) (citing *Los Defensores, Inc. v. Gomez*, 223 Cal. App. 4th 377, 393 (2014); *Duncan v. Stuetzle*, 76 F.3d 1480, 1489-90 (9th Cir. 1996)). S10 Entertainment has a constitutional right to a jury, at minimum, to for its common law claims where the value in controversy will undoubtedly exceed twenty dollars. *Feltner.*, 523 U.S. at 347 (1998).

Additionally, S10 Entertainment seeks punitive damages under its common law claims that also require a jury. "It is well-established that punitive damages are available for common law trademark infringements." *Michael Levine, Inc. v. Connect Apparel, LLC*, No. CV 21-3668-MWF (SKX), 2021 WL 4732924, at *4 (C.D. Cal. Aug. 16, 2021).  It is undisputed that S10 Entertainment used the "S10 Mark" in commerce, in California, prior to Samsung.  ECF No. 91-2, Plaintiff's Statement of Uncontroverted Facts and Conclusions of Law ("SUF"), at Pg ID #: 1507 (¶7). "Because Plaintiffs have demonstrated common law priority over Zobmondo, their common law infringement claim remains alive and their punitive damages claim may be presented to the jury." *Spin Master, Ltd. v. Zobmondo Ent., LLC*, 944 F. Supp. 2d 830, 854 (C.D. Cal. 2012).

### c.  The Jury Should be Permitted to Award Damages for The Reputational Harm S10 Entertainment has Suffered

As stated in the FAC, Samsung's use of the product name "S10" has overwhelmed the value, goodwill, and recognizability of S10 Entertainment and S10 Entertainment's S10 Mark.  ECF No. 37, FAC, at ¶37. Additionally, Samsung's

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE JURY DEMAND

conduct has damaged and continues to damage S10 Entertainment's business, reputation, and goodwill. *Id.* at ¶106. As disclosed in S10 Entertainment's response to Samsung's Interrogatory number 2 and the expert report of Cassie Petrey, as well as in the testimony of S10 Entertainment's witnesses, Samsung's conduct has resulted in harm to S10 Entertainment's reputation and goodwill. Graif Decl. Ex. 1 at pgs. 6-7; ECF No. 91-15, Petrey Opening Expert Report, ¶¶ 32, 84, 92.  As described in Ms. Petrey's expert report, and evidence by the confusion in the marketplace, S10 Entertainment has lost the ability to control its corporate identity, reputation, and goodwill. *Id.* at ¶¶ 32, 92.  In analyzing Samsung's marketing for its S10 phone, Ms. Petrey also opined that "it is difficult to quantify the damage a marketing campaign of this magnitude can have on a smaller company with a fraction of the budget." *Id.* at ¶80.

That S10 Entertainment did not offer an expert on reputational damages does not change the analysis – in fact it is not surprising.  The Ninth Circuit has made it clear this type of damage is best for the jury.  The damage resulting from the harm Samsung has caused S10 Entertainment is difficult to quantify with certainty. "Damages for loss of professional reputation are not the type of damages which can be proved with mathematical certainty and are usually ***best left as a question of fact for the jury***." *Experience Hendrix L.L.C. v. Hendrixlicensing.com Ltd*, 762 F.3d 829, 845 (9th Cir. 2014) (emphasis added).

S10 Entertainment was not required to disclose its computation of these types of damages – precisely because they are not something that is calculable with mathematical certainty.  And, indeed, monetary damages is not the only manner in which a party can be injured under the Lanham Act.  *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 137(2014) (stating that injuries such as "damage to ... business reputation ... are injuries to precisely the sorts of commercial interests the [Lanham] Act protects"); *Neighborhood Assistance Corp. of Am. v.*

*First One Lending Corp.*, No. SACV 12-463-DOC (MLGx), 2012 WL 1698368, at *18 (C.D. Cal. May 15, 2012) ("Loss of good will or the loss of the ability to control one's own reputation is a cognizable harm under the Lanham Act.") (citing *1057 *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 841 (9th Cir. 2001). Therefore, the jury should be permitted to hear the evidence supporting these claims and calculate damages.

### d.  The Jury Should Assess Whether Samsung Willfully Infringed S10's Mark

Though intent is no longer required for disgorgement damages, the jury should be permitted to decide whether Samsung willfully infringed S10 Entertainment's S10 Mark by assessing evidence of intent. Indeed, in applying *Romag Fasteners, Inc v. Fossil, Inc.*, 140 S. Ct. 1492 (2020), the Ninth Circuit wrote that "willfulness is not an inflexible precondition to recovery' of a defendant's profits," and that a defendant's "mental state" or intent "is a highly important *consideration* in determining whether an award of profits is appropriate." *Harbor Breeze Corp. v. Newport Landing Sportfishing, Inc.*, 28 F.4th 35, 38 (9th Cir. 2022) (quoting *Romag*, 140 S. Ct. at 1497).

As the evidence shows, Samsung knew of, or should have known of, S10 Entertainment's S10 Mark, failed to conduct a reasonable trademark search, and/or culpably disregarded the risk of reverse confusion in this case. Therefore, Samsung intentionally used the S10 mark. *Marketquest Grp., Inc. v. BIC Corp.*, 862 F.3d 927, 934–35 (9th Cir. 2017) ("Intent could also be shown by evidence that, for example, the defendant knew of the mark, should have known of the mark, intended to copy the plaintiff, failed to conduct a reasonably adequate trademark search, or otherwise culpably disregarded the risk of reverse confusion. The tenor of the intent inquiry shifts when considering reverse confusion due to the shift in the theory of confusion,

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE JURY DEMAND

but no specific type of evidence is necessary to establish intent, and the importance of intent and evidence presented will vary by case.")

Samsung admits that it first became aware of S10 Entertainment on or around ███████████ months prior to the launch of the S10 phone. (ECF No. 91-2, SUF, ¶52). Therefore, Samsung knew about or had reason to know about the S10 Mark prior to its launch of the phone, yet still used the S10 Mark without seeking approval and/or a license to use the mark from S10 Entertainment. In its Corrected Motion for Summary Judgment ("Samsung MSJ"), ECF No. 115, Samsung also alleges that it conducted trademark searches, but fails to detail the searches performed or the dates of the searches. ECF No. 115, *Defendants' Corrected Notice of Motion and Motion for Summary Judgement;Memorandum of Law in Support Therefore*, at Pg ID #: 8865. What is clear, however, is that these searches were inadequate in their scope, and/or timing, prior to the launch of the 'S10' phone or they would have revealed S10 Entertainment's S10 Mark or related application. Therefore, Samsung either knew about the S10 Mark, and used it anyway, or failed to adequately clear its use of the S10 Mark in complete disregard of the risk of reverse confusion in this case. *Marketquest Grp., Inc.*, 862 F.3d at 934–35 (9th Cir. 2017). The jury should be able to weigh this evidence and determine which is more plausible.

At minimum, Samsung's conduct presents triable issues of fact on willfulness that should be put to the jury. "Generally, a determination as to willfulness requires an assessment of a party's state of mind, a factual issue that is not usually susceptible to summary judgment." *Juul Labs, Inc. v. Chou*, 557 F. Supp. 3d 1041, 1055 (C.D. Cal. 2021) citing *UMG Recordings, Inc. v. Disco Azteca Distribs.*, 446 F. Supp. 2d 1164, 1174 (E.D. Cal. 2006). "[W]illfulness is generally a question of fact for the jury." *Juul Labs, Inc. v. Chou*, 557 F. Supp. 3d 1041, 1056 (C.D. Cal. 2021) citing *Language Line Servs., Inc. v. Language Servs. Assocs., Inc.*, 944 F. Supp. 2d 775,

784 (N.D. Cal. 2013).

## IV.    CONCLUSION

In light of the foregoing, S10 Entertainment respectfully requests that the Court deny Samsung's motion to strike the jury demand.

DATED:  January 3, 2023

Respectfully submitted,

**MINTZ, LEVIN, COHN, FERRIS, GLOVSKY & POPEO, P.C.**

By:/s/ *Andrew D. Skale*
        Andrew D. Skale (211096)
        Matthew S. Hurley
        (Admitted *Pro Hac Vice)*
        Michael R. Graif
        (Admitted *Pro Hac Vice )*
        James J. Thomson
        (Admitted *Pro Hac Vice*)
        Oliver Ennis
        (Admitted *Pro Hac Vice*)

        **Attorneys for Plaintiff S10 Entertainment**

## __CERTIFICATE OF SERVICE__

I hereby certify that on January 3, 2023, a true and correct copy of the foregoing was filed electronically using the Court's CM/ECF system, which shall send notifications of such filing to all counsel of record.  Any counsel of record who has not consented to electronic service through the Court's CM/ECF system will be served by electronic mail.

By:  _/s/ Andrew D. Skale_
Andrew D. Skale (SBN 211096)

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE JURY DEMAND