UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:21-cv-02443-CAS-JPRx | | Date | February 1, 2023 |
|---|---|---|---|---|
| Title | S10 ENTERTAINMENT & MEDIA LLC v. SAMSUNG ELECTRONICS CO., LTD., ET AL. | | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Not Present                                    Not Present

| Proceedings: | (IN CHAMBERS): |
|---|---|

PLAINTIFF'S MOTION TO EXCLUDE TESTIMONY AND EVIDENCE OF W. CHRISTOPHER BAKEWEL (Dkt. 84, filed on DECEMBER 23, 2022)

PLAINTIFF'S MOTION TO EXCLUDE TESTIMONY AND EVIDENCE OF DR. KEITH A. BOTNER (Dkt. 85, filed on DECEMBER 23, 2022)

PLAINTIFF'S MOTION TO EXCLUDE TESTIMONY AND EVIDENCE OF GEORGE HOWARD (Dkt. 86, filed on DECEMBER 23, 2022)

DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S JURY DEMAND IN THE FIRST AMENDED COMPLAINT (Dkt. 87, filed on DECEMBER 23, 2022)

DEFENDANTS' MOTION TO EXCLUDE TESTIMONY AND EVIDENCE OF DOUG BANIA (Dkt. 105, filed on DECEMBER 23, 2022)

DEFENDANTS' MOTION TO EXCLUDE TESTIMONY AND EVIDENCE OF MARK KEEGAN (Dkt. 111, filed on DECEMBER 23, 2022)

DEFENDANTS' MOTION TO EXCLUDE TESTIMONY AND EVIDENCE OF CASSIE PETREY (Dkt. 113, filed on DECEMBER 23, 2022)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:21-cv-02443-CAS-JPRx | | Date | February 1, 2023 |
|---|---|---|---|---|
| Title | S10 ENTERTAINMENT & MEDIA LLC v. SAMSUNG ELECTRONICS CO., LTD., ET AL. | | | |

## I.    INTRODUCTION

Currently before the Court are the parties' <u>Daubert</u> motions to exclude expert testimony filed in connection with their cross-motions for summary judgment, as well as defendants' motion to strike the jury demand in plaintiff's First Amended Complaint. The parties' cross-motions for summary judgment are addressed in a separate order.

On December 23, 2022, plaintiff filed a motion for partial summary judgment as to three of the claims in its First Amended Complaint and two of defendants' affirmative defenses. Dkt. 91. Additionally, plaintiff filed Daubert motions to exclude the testimony of three of defendants' experts, W. Christopher Bakewell, Dr. Keith A. Botner, and George Howard. Dkts. 84 ("Pl's. Bakewell Mot."), 85 ("Pl.'s Botner Mot."), and 86 ("Pl.'s Howard Mot.").

The same day, defendants filed a cross-motion for summary judgment as to all of plaintiff's claims for relief in its First Amended Complaint. Dkt. 115. Defendants filed Daubert motions to exclude the testimony of three of plaintiff's experts, Doug Bania, Mark Keegan, and Cassie Petrey. Dkts. 105 ("Defs.' Bania Mot."), 111 ("Defs.' Keegan Mot."), and 113 ("Defs.' Petrey Mot."). Additionally, defendants filed a motion to strike the demand for a jury trial in plaintiff's First Amended Complaint. Dkt. 87 ("Def.'s Jury Mot.").

On January 3, 2023, defendants filed their respective opposition briefing to plaintiff's motions. <u>See</u> dkts. 126 ("Defs.' Bakewell Opp."), 129 ("Defs.' Botner Opp."), and 132 ("Defs.' Howard Opp."). Additionally, plaintiff filed its respective opposition briefing to defendants' motions. <u>See</u> dkts. 136 ("Pl.'s Opp. to Defs.' Jury Mot."), 136 ("Pl.'s Opp. to Defs.' Jury Mot."), 137 ("Pl.'s Petrey Opp."), 138 ("Pl.'s Bania Opp."), and 140 ("Pl.'s Keegan Opp.").

On January 10, 2023, defendants filed their respective reply briefing in support of their motions. <u>See</u> dkts. 180 ("Defs.' Jury Mot. Reply"), 181 ("Defs.' Bania Reply"), 182 ("Defs.' Keegan Reply"), 183 ("Defs.' Petrey Reply"). Additionally, plaintiffs filed its respective reply briefing in support of its motions. <u>See</u> 187 ("Pl.'s Bakewell Reply"), 188 ("Pl.'s Howard Reply"), and 189 ("Pl.'s Botner Reply").

On January 23, 2023, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     **'O'**

| Case No. | 2:21-cv-02443-CAS-JPRx | | Date | February 1, 2023 |
|----------|------------------------|---|------|------------------|
| Title | S10 ENTERTAINMENT & MEDIA LLC v. SAMSUNG ELECTRONICS CO., LTD., ET AL. | | | |

## II.   LEGAL STANDARD

Federal Rule of Evidence (hereinafter, "Rule") 402 states in relevant part that "[e]vidence which is not relevant is not admissible." "Relevant evidence" is "any evidence having any tendency to make the existence of any fact that is of consequence of the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

Rule 403 states that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay[] [and] waste of time . . . ." Rule 403 requires the prejudice be "unfair." U.S. v. Young (D.S.D. 1990) 754 F.Supp. 739, 742. "Unfair" in this context means the evidence has an undue tendency to suggest to a jury decision based upon an improper basis, usually an emotional one. Id. at 742. Additionally, where evidence is not closely related to the issue being litigated and is otherwise irrelevant, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice. U.S. v. Guerrero, 756 F.2d 1342, 1348 (9th Cir. 1984); U.S. v. Black, 20 F.3d 1458, 1464 (9th Cir. 1994).

Finally, Rule 702 allows for expert testimony, subject to certain requirements and conditions:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The Rule 702 inquiry "entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 592–93 (1993). The district court must also "ensure that the proposed expert testimony is relevant and will serve to aid the trier of fact. . . . Expert testimony assists the trier of fact when it provides information

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**　　　　　　**'O'**

| Case No. | 2:21-cv-02443-CAS-JPRx | Date | February 1, 2023 |
|---|---|---|---|
| Title | S10 ENTERTAINMENT & MEDIA LLC v. SAMSUNG ELECTRONICS CO., LTD., ET AL. | | |

beyond the common knowledge of the trier of fact." United States v. Finley, 301 F.3d 1000, 1008 (9th Cir. 2002) (citing Daubert, 509 U.S. at 591–93). Daubert's "gatekeeping obligation" "applies not only to testimony based on 'scientific' knowledge but also to testimony based on 'technical' and 'other specialized' knowledge." Kumho Tire Company v. Carmichael, 526 U.S. 137, 141 (1999). "[I]n considering the admissibility of testimony based on some 'other specialized knowledge,' Rule 702 generally is construed liberally." United States v. Hankey, 203 F.3d 1160, 1168 (9th Cir. 2000).

## III.　PARTIES' DAUBERT MOTIONS

### A.　Defendants' Motion to Exclude the Expert Testimony and Survey Conducted by Mark Keegan

S10 Entertainment has designated Mark Keegan to be an expert on likelihood of confusion. Keegan has a J.D. from Brooklyn Law School and is a partner at Keegan & Donato Consulting, LLC. For over two decades, he has designed and executed more than a thousand consumer research studies for the purpose of litigation, with a focus on trademark and marketing research, including consumer confusion. See Dkt. 111-2.

For this litigation, Keegan conducted a consumer survey intended to measure reverse confusion by asking respondents what company they understand to use the name "S10." He selected survey respondents who shopped for a cell phone within the last three years and either listened to pop music within the past year or work in entertainment fields.

Samsung seeks to exclude Keegan's expert opinion and survey in their entirety. According to Samsung, Keegan's survey should be inadmissible under Federal Rule of Evidence 702, and Rule 403, because it does not measure confusion at all, is disconnected from marketplace realities, and produced "biased results" by introducing "Samsung" into the qualifying questions. Defs.' Keegan Mot. at 1–2.

In opposition, S10 Entertainment argues that the Keegan's survey should be admitted because it surveyed an "accurate universe," did not use leading questions, and utilized a survey stimulus that conformed to accepted methodological designs. At most, S10 Entertainment contends, challenges to the methodology of Keegan's survey are credibility questions and not an appropriate basis for outright exclusion. See Pl.'s Keegan Opp. at 1–2 (citing cases).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:21-cv-02443-CAS-JPRx | | Date | February 1, 2023 |
|---|---|---|---|---|
| Title | S10 ENTERTAINMENT & MEDIA LLC v. SAMSUNG ELECTRONICS CO., LTD., ET AL. | | | |

The Court agrees with S10 Entertainment that Samsung's challenges to Keegan's survey are properly considered as questions of credibility and weight instead of admissibility. Keegan is qualified to be an expert on the subject of measuring reverse confusion. While the "threshold question [of admissibility] may be determined by the judge . . . follow-up issues of methodology, survey design, reliability, the experience and reputation of the expert, critique of conclusions, and the like go to the weight of the survey rather than its admissibility." Clicks Billiards, Inc. v. Sixshooters, Inc., 251 F.3d 1252, 1263 (9th Cir. 2001).

Accordingly, the Court **DENIES** defendants' motion to exclude the testimony of Mark Keegan.

### B.    Plaintiff's Motion to Exclude the Expert Testimony of George Howard

Defendants have designated George Howard to be an expert on the music industry, consumer sophistication, and to rebut the testimony of plaintiff's marketing and music industry expert, Cassie Petrey. Howard is a professor at Berklee College of Music. He has worked over 30 years in the music industry, as a personal manager to several bands and artists, and as an executive in several music publishing, distributing, and investment companies. He has been a professor since 2003. See Defs.' Howard Opp. at 2–3.

Howard intends to provide his expert opinion that S10 Entertainment's business operations are primarily behind-the-scenes rather than publicly consumer-facing, that S10 Entertainment's social media marketing is devoted to promoting its artist's work, and that S10 Entertainment's customers are sophisticated participants in the music industry.

Plaintiff seeks to exclude the entirety of Howard's testimony on the basis that his expert opinions are not helpful, not based on a reliable methodology and not based on sufficient facts or data. Pl.'s Howard Mot. at 4. Specifically, plaintiff claims that Howard's conclusions "are supported by only speculation, subjective opinion, and evidence that conflicts with his ultimate conclusions." Id. at 7.

In opposition, defendants argue that Howard's opinions are reliable, helpful, and consistent with evidence in the record. Defs.' Howard Opp. at 15. Defendants contend that Howard has the requisite knowledge and experience to qualify as an expert, and that plaintiff's challenges to his testimony are not a proper basis to deem his opinions inadmissible. Id. at 2–6, 15–16.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:21-cv-02443-CAS-JPRx | Date | February 1, 2023 |
|----------|------------------------|------|------------------|
| Title | S10 ENTERTAINMENT & MEDIA LLC v. SAMSUNG ELECTRONICS CO., LTD., ET AL. | | |

The Court agrees with defendants that plaintiff's challenges to Howard's testimony are properly considered as questions of credibility and weight rather than admissibility. Plaintiff does not challenge Howard's knowledge and experience to be qualified as an expert for the designated matters. Indeed, Howard is clearly qualified to do so. When it comes to the "reliability of non-scientific testimony . . . the Daubert factors (peer review, publication, potential error rate, etc.) simply are not applicable to this kind of testimony, whose reliability depends heavily on the knowledge and experience of the expert, rather than the methodology or theory behind it." Hangarter v. Provident Life & Acc. Ins. Co., 373 F.3d 998, 1017 (9th Cir. 2004) (internal quotation omitted). The Court finds that Howard has sufficient knowledge and experience to be reliable and his testimony to be relevant. To the extent that plaintiff challenges the inconsistencies and factual basis for his opinions, the "factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility." Id. n.14.

The Court **DENIES** plaintiff's motion to exclude the testimony of George Howard.

### C.    Defendants' Motion to Exclude the Expert Testimony of Cassie Petrey

S10 Entertainment has designated Cassie Petrey to be an expert on the music industry and marketing, as well as to rebut the testimony of defendants' expert, George Howard. Petrey has a degree in music business from Middle Tennessee State University, and is the CEO and Co-Founder of the social media marketing company Crowd Surf, established in 2007. Petrey has worked in the music industry for nearly two decades across a variety of roles. She has been featured as a music industry expert by multiple publications including Forbes and Billboard. See Pl.'s Petrey Opp. at 1–2.

Petrey intends to offer her opinions that Samsung's use of "S10" has overtaken S10 Entertainment in overlapping marketing channels such as social media, and that Samsung's smartphone carry stigma among certain consumer demographics that could deter potential customers of S10 Entertainment through false associations.

Samsung seeks to exclude Petrey on the basis that her expert opinions are not helpful and are based on unreliable methodology, and that she failed to investigate and consider material facts in the case. Def.'s Petrey Mot. at 1–2.

In opposition, plaintiff contends that challenges to Petrey's expert opinion goes to credibility and not admissibility, similar to defendants' arguments in the motion to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                                    **'O'**

| Case No. | 2:21-cv-02443-CAS-JPRx | | Date | February 1, 2023 |
|---|---|---|---|---|
| Title | S10 ENTERTAINMENT & MEDIA LLC v. SAMSUNG ELECTRONICS CO., LTD., ET AL. | | | |

exclude Howard.  See, e.g., Pl.'s Petrey Opp. at 9–10.  Here, plaintiff argues that Petrey is qualified to give expert opinions on the designated subject matters and that her methodology, based largely in part on her knowledge and experience within the industry, is reliable.  Id. at 1–3, 6–8.

As with the above analysis relating to plaintiff's motion to exclude Howard's testimony, the Court likewise concludes that Petrey has sufficient knowledge and experience to give her expert opinion.  Samsung does not challenge Petrey's knowledge and experience to be qualified as an expert for the designated matters, simply the factual basis for her opinions.

The Court **DENIES** defendants' motion to exclude the testimony of Cassie Petrey.

### D.  Plaintiff's Motion to Exclude the Expert Testimony and Survey Conducted by Keith Botner

Samsung designated Dr. Keith Botner as a damages expert who conducted a consumer survey on the importance of the "S10" name to those who purchased or selected a Samsung Galaxy S10 smartphone.  Botner is a vice president at MMR Strategy Group, a consulting firm.  He has a PhD in business administration with a concentration in consumer behavior from the University of Utah, and a MBA with a concentration in marketing from Michigan State University.  He has spent decades working as a consumer and marketing consultant, brand manager, and lecturer in academic.  He has published several articles relating to trademark law and marketing, and has served as an expert witness in over six other cases.  See Dkt. 85-2.

Botner conducted a survey intended to identify purchasers of the Galaxy S10 smartphone series and the motivating factors of those consumers.  Specifically, Botner anticipates testifying that his survey indicates that users of the Galaxy S10 smartphones consider many reasons when purchasing a smartphone in addition to brand or model name, and that consumers overall ranked the importance of other several factors, including cost and technological features of the phone, to be higher than the "S10" mark.

Plaintiff seeks to exclude Botner's testimony and survey in their entirety on the basis that the survey methodology is flawed and irrelevant to the damages issue in the case.  Pl.'s Botner Mot. at 11–16, 18–26.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                    **'O'**

| Case No. | 2:21-cv-02443-CAS-JPRx | Date | February 1, 2023 |
|---|---|---|---|
| Title | S10 ENTERTAINMENT & MEDIA LLC v. SAMSUNG ELECTRONICS CO., LTD., ET AL. | | |

In opposition, defendants argue that Botner's survey should be admitted because it relevant for the purpose of determining the amount of Samsung's profits from the sale of its Galaxy S10 smartphones attributable to Samsung's alleged infringement and thus subject to disgorgement under plaintiff's unjust enrichment theory. Defs.' Botner Opp. at 13–16. Additionally, defendants argue that Botner's survey relied on admissible methodology and design—at most, they contend, challenges to the methodology of Botner's survey are credibility questions and not an appropriate basis for outright exclusion. <u>Id.</u> at 4–13.

As with the preceding experts addressed, the Court finds that Botner has the requisite qualifications to be an expert and that he relied on a reliable and admissible principles. Plaintiff's challenges to Keegan's survey are properly considered as questions of credibility and weight. <u>See Clicks Billiards v. Sixshooters</u>, 251 F.3d at 1263.

The Court **DENIES** plaintiff's motion to exclude the testimony and survey conducted by Keith Botner.

**E.    Plaintiff's Motion to Exclude the Expert Testimony of Christopher Bakewell**

Samsung designated Christopher Bakewell to be an expert on the issue of plaintiff's alleged damages. Bakewell is the Managing Director and Global Head of Intellectual Property Advisory Services at Kroll. Bakewell has an MBA with a concentration in finance from the University of Maryland College Park, Robert H. Smith School of Business. He has decades of experience as a consultant for the finance and intellectual property issues and has served as an expert witness on economic issues relating to intellectual property, including trademark infringement and unfair competition. See Dkt. 84-2.

Bakewell intends to offer his opinion that it is not feasible to provide specific amounts of deductible costs as part of a disgorgement calculation, because plaintiff has not set forth any amounts of harm with an economic nexus to claimed infringement, and because the parties are not direct competitors.

Plaintiff seeks to exclude portions of Bakewell's testimony relating to plaintiff's disgorgement theory and his opinion on costs to be deducted on the basis that he uses unreliable methodology and evidence. Pl.'s Bakewell Mot. at 6–11. Additionally,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:21-cv-02443-CAS-JPRx | | Date | February 1, 2023 |
|----------|------------------------|---|------|------------------|
| Title | S10 ENTERTAINMENT & MEDIA LLC v. SAMSUNG ELECTRONICS CO., LTD., ET AL. | | | |

plaintiff argues that his opinions regarding Samsung's sales of the Galaxy S10 attributable to the "S10" mark are unhelpful and irrelevant. <u>Id.</u> at 11–15.

In opposition, Samsung argues that Bakewell's opinions are based on reliable methodology and factually supported in the record. Defs.' Bakewell Opp. at 8–13; 15–21. Samsung argues that, at most, plaintiff's challenges go to the weight of Bakewell's testimony, not to its admissibility. <u>Id.</u> at 1.

As with the preceding experts addressed, the Court finds that Bakewell has the requisite qualifications to be an expert and that he relied on reliable and admissible principles. To the extent defendants challenge the underlying factual and methodological basis for Bakewell's opinions, Bakewell's testimony is properly subject to cross examination and contrary evidence, not exclusion. <u>City of Pomona</u>, 750 F.3d at 1047.

The Court **DENIES** plaintiff's motion to exclude the testimony of Christopher Bakewell.

### F.    Defendants' Motion to Exclude the Expert Testimony of Doug Bania

S10 Entertainment has designated Doug Bania as an expert witness on the subject of the amount of Samsung's profits from the sale of its Galaxy S10 smartphones attributable to Samsung's alleged infringement and thus subject to disgorgement under plaintiff's unjust enrichment theory. Bania is the founder of Nevium Intellectual Property Consultants. Since 2009, Bania has testified as an expert witness for nearly a hundred cases on a variety of issues ranging from brand valuation, trademark and copyright damages, and Internet search engine optimization and competitive analysis. <u>See</u> Dkt. 105-2.

Bania created a disgorgement calculation using a three-step analysis that purports to establish a causal link between Samsung's use of the "S10" mark and revenues achieved from the Galaxy S10 smartphones, deduct relevant expenses, and determine post-apportionment profits.

Samsung seeks to exclude Bania's testimony and calculations in their entirety on the basis that his expert opinions are not helpful and are based on unreliable methodology of apportionment, and that he failed to consider material facts in the case, and that his opinion is irrelevant to plaintiff's theory of reverse confusion. Defs.' Bania Mot. at 11–

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                          'O'

| Case No. | 2:21-cv-02443-CAS-JPRx | Date | February 1, 2023 |
|----------|------------------------|------|------------------|
| Title | S10 ENTERTAINMENT & MEDIA LLC v. SAMSUNG ELECTRONICS CO., LTD., ET AL. | | |

19, 21–25.  Additionally, Samsung argues that Bania lacks the expertise in the consumer electronics or smartphone industries to be qualified to give a qualitative opinion on apportionment.  Id. at 20.

In opposition, plaintiff argues that Bania's opinions on apportionment are reliable, helpful, and based on relevant consideration of evidence in the record.  Pl.'s Bania Opp. at 3–13, 14–15.  Moreover, plaintiff contends that Bania has the requisite knowledge and experience to qualify as an expert, and that defendants' challenges to his testimony are not a proper basis to deem his opinions inadmissible.  Id. at 2–6, 15–16.

As with the preceding experts addressed, the Court finds that Bania has the requisite qualifications to be an expert on the subject of plaintiff's damages and that he relied on reliable and admissible principles.  To the extent defendants challenge the factual basis for Bania's opinion as well as the methodology of his apportionment, Bania's testimony is properly subject to cross examination and contrary evidence, not exclusion.  City of Pomona, 750 F.3d at 1047.

The Court **DENIES** defendants' motion to exclude the testimony of Doug Bania.

## IV.   DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S JURY DEMAND

Defendants filed a motion seeking to strike plaintiff's demand for a jury trial in connection with its First Amended Complaint.  Even if a jury demand has been made pursuant to Federal Rule of Civil Procedure 38 (as plaintiff did here), a jury trial is not required if "the Court . . . finds that on some or all of those issues there is no federal right to a jury trial." Fed. R. Civ. P. 39(a)(2).  The Seventh Amendment guarantees a jury trial "[i]n suits at common law, where the value in controversy shall exceed twenty dollars . . . ." U.S. Const., amend. VII.  Determining whether a party has the right to a jury trial is a two-step process.  First, the Court must see if the statutory authority underlying plaintiff's claims authorizes a jury trial.  See City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999).  If the statutes do not afford the right to a jury trial, the court must consider whether the case qualifies as a "suit[] at common law" under the Seventh Amendment, which is broadly defined as a "statutory claim[] that [is] legal . . . as opposed to equitable" in nature.  Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc., 778 F.3d 1059, 1075 (9th Cir. 2015).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:21-cv-02443-CAS-JPRx | Date | February 1, 2023 |
|----------|------------------------|------|------------------|
| Title    | S10 ENTERTAINMENT & MEDIA LLC v. SAMSUNG ELECTRONICS CO., LTD., ET AL. | | |

Defendants contend that because neither the Lanham Act nor California's unfair competition law ("UCL") contain statutory text of expressly providing a right to a jury,[1] the Court must therefore determine whether this case qualifies as a "suit[] at common law" under the Seventh Amendment and contains a "statutory claim[] that [is] legal . . . as opposed to equitable" in nature, id. Defendants argue that this case does not qualify as a "suit at common law," because (1) plaintiff has properly preserved only the equitable remedy of disgorgement—and not any legal remedies—for its federal trademark claims, and (2) to the extent plaintiff's common law unfair competition claim supplies a right to a jury in this case, this claim should be dismissed pursuant to defendants' motion for summary judgment. See Defs.' Jury Mot. at 6–9; Defs.' Jury Reply at 9–10.

Here, plaintiff seeks the legal remedy of punitive damages in connection with its state law unfair common competition claims. See Coach, Inc. v. Citi Trends, Inc., No. CV 17-4775 DMG (KSX), 2019 WL 6354367, at *12 (C.D. Cal. Oct. 23, 2019) (citing Los Defensores, Inc. v. Gomez, 223 Cal. App. 4th 377, 393 (2014) ("California common law unfair competition is coextensive with, and not exclusive of, statutory trademark claims, and can give rise to injunctive relief as well as legal remedies, including punitive damages."); Spin Master, Ltd. v. Zobmondo Ent., LLC, 944 F. Supp. 2d 830, 854 (C.D. Cal. 2012) (concluding in summary judgment order that plaintiffs' "common law infringement claim remains alive and their punitive damages claim may be presented to the jury"). In light of the fact that the Court denies defendant's motion for summary judgment as set forth in a separate order, plaintiff has a constitutional right to a jury on this basis.

Furthermore, the Court notes that because the likelihood of confusion test for plaintiff's federal trademark claims is the same as the test for its state law claims, and because this test presents numerous questions of fact, plaintiff's federal claims are also appropriately presented to the jury. Walter v. Mattel, Inc., 210 F.3d 1108, 1111 (9th Cir.

---

[1] See Defs.' Jury Mot. at 4–5 (quoting JL Beverage Co., LLC v. Beam Inc., No. 211CV00417MMDCWH, 2017 WL 5158661, at *1 (D. Nev. Nov. 7, 2017), aff'd 815 F. App'x 110 (9th Cir. 2020) ("The statutory text of the Lanham Act does not, by itself, provide for the right to a jury trial."); Hodge v. Superior Court, 145 Cal. App. 4th 278, 284-85 (2006) ("There is no right to a jury trial for a Section 17200 cause of action")).

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:21-cv-02443-CAS-JPRx | Date | February 1, 2023 |
|---|---|---|---|
| Title | S10 ENTERTAINMENT & MEDIA LLC v. SAMSUNG ELECTRONICS CO., LTD., ET AL. | | |

2000) ("The test for false designation under the Lanham Act, as well as the common-law and statutory unfair competition claims, is whether there was a 'likelihood of confusion.' ").

Accordingly, the Court **DENIES** defendants' motion to strike plaintiff's jury demand.

## V.    CONCLUSION

In accordance with the foregoing, the Court **DENIES** the parties' motions to exclude expert testimony, dkts. 84, 85, 86, 105, 111, 113, and **DENIES** defendants' motion to strike plaintiff's jury demand, dkt. 87.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |