UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL  'O'

| Case No. | 2:21-cv-02443-CAS-JPRx | Date | February 14, 2023 |
|---|---|---|---|
| Title | S10 ENTERTAINMENT & MEDIA LLC v. SAMSUNG ELECTRONICS CO., LTD., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS): DEFENDANTS' MOTION IN LIMINE #1 TO PRECLUDE ANY EVIDENCE, ARGUMENT, OR TESTIMONY REGARDING UNDISCLOSED DAMAGES THEORIES (Dkt. 157, filed on January 9, 2023)
DEFENDANTS' MOTION IN LIMINE #2 TO PRECLUDE ANY EVIDENCE, ARGUMENT, OR TESTIMONY REGARDING SAMSUNG'S COMPANY-WIDE FINANCIAL INFORMATION (Dkt. 158, filed on January 9, 2023)
DEFENDANTS' MOTION IN LIMINE #3 TO PRECLUDE ANY EVIDENCE OR TESTIMONY REGARDING DOUG BANIA'S UNDISCLOSED DRAFT CHAPTER (Dkt. 159, filed on January 9, 2023)
DEFENDANTS' MOTION IN LIMINE #4 TO EXCLUDE SOCIAL MEDIA POSTS AND YOUTUBE VIDEO (Dkt. 160, filed on January 9, 2023)
DEFENDANTS' MOTION IN LIMINE #5 TO PRECLUDE PREJUDICIAL STATEMENTS SAMSUNG'S FOREIGN STATUS OR "INVADING" THE MUSIC INDUSTRY (Dkt. 161, filed on January 9, 2023)
PLAINTIFF'S MOTION IN LIMINE #1 TO EXCLUDE TESTIMONY AND EVIDENCE APPLYING THE RESULTS OF KEITH BOTNER'S PURCHASING SURVEY (Dkt. 173, filed on January 9, 2023)
PLAINTIFF'S MOTION IN LIMINE #2 TO EXCLUDE TESTIMONY AND EVIDENCE OF AN AFFIRMATIVE DAMAGES NUMBER OR

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        'O'

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-02443-CAS-JPRx | Date | February 14, 2023 |
| Title | S10 ENTERTAINMENT & MEDIA LLC v. SAMSUNG ELECTRONICS CO., LTD., ET AL. | | |

ALTERNATIVE APPORTIONMENT MODEL (Dkt. 174, filed on January 9, 2023)
PLAINTIFF'S MOTION IN LIMINE #3 TO EXCLUDE TESTIMONY AND EVIDENCE ABOUT THE PERSONAL LIVES OR RELATIONSHIPS OF S10'S EMPLOYEES (Dkt. 175, filed on January 9, 2023)

## I. INTRODUCTION

Currently before the Court are the parties' motions in limine ("MIL" or "MILs").

On March 19, 2021, plaintiff S10 Entertainment & Media, LLC ("S10 Entertainment") brought suit against defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung"). Dkt. 1. On July 20, 2021, plaintiff filed an amended complaint. Dkt. 37 ("FAC"). Plaintiff alleges claims against defendants for (1) trademark infringement under 15 U.S.C. § 1114; (2) trademark infringement under 15 U.S.C. § 1125(a); (3) contributory trademark infringement under 15 U.S.C. §§ 1114, 1124(a); (4) unfair competition under California state common law; and (5) unfair competition in violation of Cal. Bus. & Prof. Code, § 17200 *et seq.* Id. Plaintiff's claims are brought under a reverse confusion theory of infringement.

On August 3, 2021, defendants answered plaintiff's FAC, asserting among others the affirmative defenses of laches and equitable estoppel. Dkt. 45 ("Answer"). Defendants also filed a counterclaim against plaintiff, bringing a claim for trademark infringement under 15 U.S.C. § 1125(a) and seeking cancellation of plaintiff's federal trademark registration pursuant to 15 U.S.C. § 1119. Id.

This case arises out of plaintiff's and defendants' usage of the mark "S10." Plaintiff is a full-service talent management company and has registered a trademark in the S10 Mark under United States Trademark Registration No. 5,903,315. Defendants are a Korean electronics company and its American subsidiary, and they use the label "S10" as a part of what they identify as the "family of marks" relating to their "Samsung Galaxy S" smartphone series.

On January 9, 2023, defendants filed five MILs, in which they seek to preclude (1) evidence of "undisclosed damages theories"; (2) evidence relating to Samsung's "company-wide financial information"; (3) evidence or testimony regarding S10

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:21-cv-02443-CAS-JPRx | Date | February 14, 2023 |
|---|---|---|---|
| Title | S10 ENTERTAINMENT & MEDIA LLC v. SAMSUNG ELECTRONICS CO., LTD., ET AL. | | |

Entertainment's expert Doug Bania's "undisclosed draft book chapter"; (4) social media posts and a Youtube video proffered by S10 Entertainment; and (5) usage of "prejudicial statements regarding Samsung Electronics Co.'s foreign status or Samsung 'invading' the music industry." Dkts. 157 ("Defs.' MIL No. 1"), 158 ("Defs.' MIL No. 2"), 159 ("Defs.' MIL No. 3"), 160 ("Defs.' MIL No. 4"), 161 ("Defs.' MIL No. 5").

The same day, plaintiff filed three MILs, in which it seeks to preclude (1) evidence applying the results of Samsung's expert Keith Botner's purchasing survey in any damages analysis; (2) evidence by Samsung of an undisclosed affirmative damages number or alternative apportionment model; and (3) evidence or testimony about the "personal lives or relationships of S10's employees." Dkts. 173 ("Pl.'s MIL No. 1"), 174 ("Pl.'s MIL No. 2"), 175 ("Pl.'s MIL No. 3").

On January 23, 2023, defendants filed their oppositions to plaintiff's MILs. See Dkts. 217, 218, 219. Plaintiff similarly filed its oppositions to defendants' MILs. See Dkts. 225, 226, 227, 228, 229.

On February 13, 2023, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

### A.   Motions in Limine

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." United States v. Heller, 551 F.3d 1108, 1111 (9th Cir. 2009). "[M]otions in limine must identify the evidence at issue and state with specificity why such evidence is inadmissible." Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc., No. 08-cv-08525-PSG (PJWx), 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010). The "failure to specify the evidence" that a motion in limine "seek[s] to exclude constitutes a sufficient basis upon which to deny th[e] motion." Bullard v. Wastequip Mfg. Co. LLC, No. 14-cv-01309-MMM, 2015 WL 13757143, at *7 (C.D. Cal. May 4, 2015).

"Trial courts have broad discretion when ruling on motions in limine." Matrix Int'l Textile, Inc. v. Monopoly Textile, Inc., No. 2:16-cv-0084-FMO-AJW, 2017 WL 2929377, at *1 (C.D. Cal. May 14, 2017). Such rulings are "not binding on the trial

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-02443-CAS-JPRx | Date | February 14, 2023 |
| Title | S10 ENTERTAINMENT & MEDIA LLC v. SAMSUNG ELECTRONICS CO., LTD., ET AL. | | |

judge, and the judge may always change his mind during the course of a trial." Ohler v. United States, 529 U.S. 753, 758 (2000). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." Matrix Int'l Textile, 2017 WL 2929377, at *1 (citation omitted).

    **B.**    **Federal Rules of Evidence**

Federal Rule of Evidence (hereinafter, "Rule") 402 states in relevant part that ". . . Evidence which is not relevant is not admissible." "Relevant evidence" is "any evidence having any tendency to make the existence of any fact that is of consequence of the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

Rule 403 states that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay[] [and] waste of time . . . ." Rule 403 requires the prejudice be "unfair." U.S. v. Young (D.S.D. 1990) 754 F.Supp. 739, 742. "Unfair" in this context means the evidence has an undue tendency to suggest to a jury decision based upon an improper basis, usually an emotional one. Id. at 742. Additionally, where evidence is not closely related to the issue being litigated and is otherwise irrelevant, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice. U.S. v. Guerrero, 756 F.2d 1342, 1348 (9th Cir. 1984); U.S. v. Black, 20 F.3d 1458, 1464 (9th Cir. 1994).

Finally, Rule 702 allows for expert testimony, subject to certain requirements and conditions:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-cv-02443-CAS-JPRx | Date | February 14, 2023 |
|---|---|---|---|
| Title | S10 ENTERTAINMENT & MEDIA LLC v. SAMSUNG ELECTRONICS CO., LTD., ET AL. | | |

Fed. R. Evid. 702. The Rule 702 inquiry "entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 592–93 (1993). The district court must also "ensure that the proposed expert testimony is relevant and will serve to aid the trier of fact. . . . Expert testimony assists the trier of fact when it provides information beyond the common knowledge of the trier of fact." United States v. Finley, 301 F.3d 1000, 1008 (9th Cir. 2002) (citing Daubert, 509 U.S. at 591–93). Daubert's "gatekeeping obligation" "applies not only to testimony based on 'scientific' knowledge but also to testimony based on 'technical' and 'other specialized' knowledge." Kumho Tire Company v. Carmichael, 526 U.S. 137, 141 (1999). "[I]n considering the admissibility of testimony based on some 'other specialized knowledge,' Rule 702 generally is construed liberally." United States v. Hankey, 203 F.3d 1160, 1168 (9th Cir. 2000).

### C. Federal Rules of Civil Procedure

Federal Rule of Civil Procedure 26 establishes the required initial disclosures by litigating parties. For instance, Rule 26(a)(1)(A)(iii) requires the disclosure of "a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered. Rule 26(a)(2)(B)(i) also requires a party's expert witness disclose, via written report, "a complete statement of all opinions the witness will express at trial, and the basis and reasons for them." Additionally, Rule 26(e) sets forth the requirements for supplemental disclosures: "a party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

"Rule 37, in turn, provides that if a party fails to provide the information required by Rule 26, 'the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless.' " Mariscal v. Graco, Inc., 52 F. Supp. 3d 973, 981 (N.D. Cal. 2014) (quoting Fed. R. Civ. P. 37(c)(1)); see also Yeti by Molly, Ltd. v. Deckers Outdoor

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-cv-02443-CAS-JPRx | Date | February 14, 2023 |
|---|---|---|---|
| Title | S10 ENTERTAINMENT & MEDIA LLC v. SAMSUNG ELECTRONICS CO., LTD., ET AL. | | |

Corp., 259 F.3d 1101, 1106, n.1 (9th Cir. 2001) (Rule 37 forbids the use at trial of "any information required to be disclosed by Rule 26(a) that is not properly disclosed, unless the lack of disclosure had "substantial justification" or was "harmless."). "Among the factors that may properly guide a district court in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." Lanard Toys Ltd. v. Novelty, Inc., 375 F. App'x 705, 713 (9th Cir. 2010).

### III. DISCUSSION

#### A. Defendants' MIL No. 1

According to Samsung, S10 Entertainment has only properly disclosed its disgorgement theory of damages (through the expert report of Doug Bania). Samsung seeks to preclude S10 Entertainment from introducing any evidence, argument, or testimony regarding any undisclosed damages theories, including reputational harm and corrective advertising. Defs.' MIL No. 1 at 1. Specifically, Samsung argues that S10 Entertainment failed to disclose "a computation of each category of damages claimed by the disclosing party" as required by Federal Rule of Civil Procedure 26(a)(1)(A)(iii), and that S10 Entertainment never supplemented this disclosure pursuant to Rule 26(e)(1)(A). Accordingly, Samsung argues that S10 Entertainment's disclosure failures should be excluded pursuant to Rule 37 because S10 Entertainment cannot establish that its failure to disclose was "substantially justified or harmless." In support of these contentions, Samsung cites to courts in this district that have excluded introduction of a specific damages theory where the party failed to disclose a computation of that category of damages. Id. at 4–5 (collecting cases).

In opposition, S10 Entertainment argues that it properly disclosed all of its damages theories. First, S10 Entertainment contends that its first amended complaint sought the following damages: statutory damages, damages for unjust enrichment and/or disgorgement of Samsung's profits, a reasonable royalty on Samsung's sales, damages for corrective advertising and punitive damages. Dkt. 225 at 2–4. Second, S10 Entertainment argues that its expert report of Cassie Petrey, which opined that plaintiff suffered reputational harm, put Samsung on sufficient notice as to its damages.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-cv-02443-CAS-JPRx | Date | February 14, 2023 |
|---|---|---|---|
| Title | S10 ENTERTAINMENT & MEDIA LLC v. SAMSUNG ELECTRONICS CO., LTD., ET AL. | | |

Additionally, S10 Entertainment claims that a computation for reputational damages or corrective advertising is not required under Rule 26. Id. at 5. Finally, S10 Entertainment argues that Samsung has not shown it suffered any prejudice. Id. at 6.

The Court concludes that Rule 26's computation disclosure requirements apply to plaintiff's damages categories in this case. Although plaintiff cites to Erhart v. Bofl Holding, Inc., in which a court in the Southern District of California concluded that Rule 26 did not require computation of the reputational damages and emotional distress damages brought in a workplace retaliation and defamation case, that analysis is entirely inapplicable to the commercial trademark infringement claims at issue here. See No. 15-CV-02287-BAS-NLS, 2022 WL 129696, at *4 (S.D. Cal. Jan. 13, 2022) ("*Given the facts here*, . . . [i]t would be difficult to quantify Erhart's expected emotional distress, punitive, and reputational damages.") (emphasis added). Instead, the Court is persuaded by defendants' cited cases addressing Rule 26 computation of damages for trademark infringement claims. In particular, another court in this district explained:

> Plaintiffs' post-remand supplemental disclosures identified four types of damages: "actual damages, a disgorgement of profits, corrective advertising, and enhanced and punitive damages." While this disclosed the damages "categories" of "disgorgement" and "corrective advertising" for the first time, this did not disclose a claim to reasonable royalties and did not identify Plaintiffs' theory of lost profits as measured by Defendant's profits or Plaintiffs' theory of disgorgement to avoid Defendants' unjust enrichment. And even for those categories identified, this disclosure still did not set forth any computation of those damages. "[T]he 'computation' of damages required by Rule 26(a)(1)(C) contemplates some analysis," enough so that the opposing party can "understand the contours of its potential exposure and make informed decisions as to settlement and discovery."

Spin Master, Ltd. v. Zobmondo Ent., LLC, No. 06-cv-3459-ABC-PLAx, 2011 WL 13127349, at *5 (C.D. Cal. Sept. 15, 2011), on reconsideration in part, 2011 WL 13127211 (C.D. Cal. Oct. 13, 2011) (citation omitted).

Here, it appears that "[p]laintiff's disclosures do not even provide a 'lump sum statement of damages,' much less 'a more detailed specification of damages' beyond 'the broad types of damages.'" Ketab Corp. v. Mesriani L. Grp., No. 14-cv-07241-RSWL-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**         'O'

| Case No. | 2:21-cv-02443-CAS-JPRx | Date | February 14, 2023 |
|---|---|---|---|
| Title | S10 ENTERTAINMENT & MEDIA LLC v. SAMSUNG ELECTRONICS CO., LTD., ET AL. | | |

MRWx, 2016 WL 5921767, at *2 (C.D. Cal. Mar. 18, 2016) (quoting City & Cty. of San Francisco v. Tutor-Saliba Corp., 218 F.R.D. 219, 221 (N.D. Cal. 2003)).

Based on the case law, plaintiff must provide a computation of its claimed reputational harm.[1] Accordingly, S10 Entertainment is directed to supplement its interrogatories and to provide its evidence and manner of computation of no later than Friday, February 16, 2023. Samsung may take the deposition of any witness proffered in the supplemental response or other appropriate discovery directed to information provided in the supplemental response. Such discovery should be scheduled during the week of February 20, 2023, to be completed prior to trial on March 7, 2023. If S10 Entertainment fails to comply with these conditions, plaintiff's evidence relating to reputational harm will be excluded at trial.

The Court **DENIES** defendants' MIL No. 1 subject to the foregoing conditions.

**B.     Defendants' MIL No. 2**

Samsung seeks to exclude evidence relating to Samsung's total market capitalization, revenues, profits, or other overall company financial information on the basis that it is not relevant to S10 Entertainment's disgorgement trademark infringement damages theory and unfairly prejudicial to Samsung. Defs.' MIL No. 2 at 1.

In opposition, S10 Entertainment claims that Samsung intends to introduce evidence about how much it has spent marketing the various generations of the S-series of smartphones, and how much it has made in sales from the various generations of this line of smartphones, as part of its family of marks argument. Dkt. 226 at 1. S10 Entertainment argues that it should be permitted to introduce relevant financial information about Samsung to both (1) rebut Samsung's family of marks claim, and (2) to demonstrate the extent to which Samsung as the junior user has saturated the market for the purpose of evaluating S10 Entertainment's reverse confusion infringement claims.

Although the parties here speculate as to the types of evidence that might be introduced by the other side at trial, neither side has been sufficiently precise as to what

---

[1] At oral argument, counsel for plaintiff indicated that it would abandon its claim for the cost of corrective advertising.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-cv-02443-CAS-JPRx | Date | February 14, 2023 |
|---|---|---|---|
| Title | S10 ENTERTAINMENT & MEDIA LLC v. SAMSUNG ELECTRONICS CO., LTD., ET AL. | | |

specific evidence they seek to introduce and for what purpose. Accordingly, the Court **RESERVES JUDGMENT** on defendants' MIL No. 2.

**C.    Defendants' MIL No. 3**

As described in the Court's prior order, S10 Entertainment has designated Doug Bania as an expert witness on the subject of plaintiff's disgorgement theory and utilized a 5-point scoring methodology for apportionment of profits. For his expert report, Bania relied in part upon a chapter he co-authored in a textbook: Brian Buss & Doug Bania, "Profit Apportionment in Intellectual Property Infringement Damages Calculations," in The Comprehensive Guide to Economic Damages 641 (Bus. Valuation Res., 6th ed. 2020).

Here, Samsung seeks to exclude any evidence or testimony regarding an *unpublished* draft chapter that Bania has written for a separate, forthcoming publication that Bania did not disclose in his expert report. According to Samsung, "the Court should limit Bania's testimony to the opinions stated in his two written reports and the basis and reasons for those opinions disclosed in those reports and preclude S10 Entertainment from offering any evidence, testimony, or opinions regarding or referencing Bania's undisclosed draft chapter."

Plaintiff agrees that Bania will not testify as to the undisclosed draft chapter, but emphasizes that Bania has the right to testify about the 5-point scoring methodology to the extent he disclosed it in his expert report. Dkt. 227 at 2–3.

The Court agrees with the parties that Bania cannot testify as to his undisclosed draft chapter, but that he may testify about the opinions disclosed in his expert report, including the extent to which he set forth an explanation for his 5-point scoring methodology for apportionment. Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** defendants' MIL No. 3.

**D.    Defendants' MIL No. 4**

Samsung seeks to exclude what it describes as "21 unauthenticated social media posts and messages from Twitter and Instagram that S10 Entertainment purports indicate actual confusion but that either originate outside the United States or have no indication of geographical origin," as well as "an unauthenticated YouTube video (and related

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        **'O'**

| Case No. | 2:21-cv-02443-CAS-JPRx | Date | February 14, 2023 |
|---|---|---|---|
| Title | S10 ENTERTAINMENT & MEDIA LLC v. SAMSUNG ELECTRONICS CO., LTD., ET AL. | | |

screenshots) showing certain product packaging that S10 Entertainment admits was not used by Samsung in the United States but that S10 Entertainment contends is evidence of similarity of the marks at issue." Defs.' MIL No. 4 at 1. According to Samsung, these social media posts and the YouTube video should be excluded because S10 Entertainment is unable to authenticate the evidence pursuant to Federal Rule of Evidence 901, and because, to the extent that these materials originate outside the United States, are not relevant to the trademark infringement issues in this case because "[f]ederal courts ordinarily do not have an interest in protecting foreign consumers from confusion." Id. at 2–3 (quoting Trader Joe's Co. v. Hallatt, 835 F.3d 960, 974 (9th Cir. 2016)).

In opposition, S10 Entertainment contends that the social media posts and YouTube material will be properly authenticated by its trial witnesses. Specifically, S10 Entertainment states that the social media posts "all consist of posts and responses to posts made by S10's social media accounts," which its CEO Brandon Silverstein has testified that he created and owns. Dkt. 228 at 2–3. As to Samsung's arguments that foreign social media is irrelevant in this case, S10 Entertainment argues that every social media post "was made by S10, tagged S10, and/or was posted in response to a post by S10" and so "any foreign post appeared in response to a post by a U.S.-based entity and was viewable by U.S. consumers." Accordingly, S10 Entertainment contends that "U.S. consumer exposure to confusion expressed by any Social Media Posts (foreign or domestic) also has 'any tendency' to make a finding of a likelihood of confusion 'more or less probable.' " Id. at 4 (quoting Fed. R. Evid. 401).

At oral argument, counsel for Samsung emphasized that even if Silverstein is able to authenticate S10 Entertainment's social media posts on its behalf, there is no one available to authenticate the posts and comments made by third-party user accounts on the social media platforms. See, e.g., MGA Ent. Inc. v. Harris, No. 220CV11548JVSAGRX, 2022 WL 4596697, at *5 (C.D. Cal. July 29, 2022), reconsideration denied, No. 220CV11548JVSAGRX, 2022 WL 4596585 (C.D. Cal. Sept. 7, 2022) ("Courts have considered social media comments and posts authenticated where the comments were authored by parties or witnesses."). Therefore, to the extent that S10 Entertainment intends to introduce social media posts to show that third-party user accounts were confused, it "cannot authenticate the comments because [it] cannot even demonstrate that these comments are real people." Id. (citing United States v. Browne,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-cv-02443-CAS-JPRx | Date | February 14, 2023 |
|---|---|---|---|
| Title | S10 ENTERTAINMENT & MEDIA LLC v. SAMSUNG ELECTRONICS CO., LTD., ET AL. | | |

834 F.3d 403 (3d. Cir. 2016) ("The authentication of social media evidence in particular presents some special challenges because of the great ease with which a social media account may be falsified or a legitimate account may be accessed by an impostor.")).

By contrast, in so far as plaintiff seeks to introduce YouTube video material, plaintiff appears to offer it to establish similarity of the marks. Specifically, plaintiff may attempt to show that the black and yellow Galaxy S10 phone packaging in the YouTube material is accessible to consumers in the United States and therefore may be relevant on the question of similarity of the marks.

The Court accordingly **GRANTS IN PART** and **DENIES IN PART** defendants' MIL No. 4.

E.  Defendants' MIL No. 5

Samsung seeks to preclude S10 Entertainment from characterizing Samsung Electronics Co. as a "foreign (and specifically Korean) company" and that "it has 'invaded' the music space," on the basis that such rhetoric is highly prejudicial and risks inflaming the jury. Defs.' MIL No. 5 at 1. Rather, Samsung suggests that S10 Entertainment "can argue that Samsung markets heavily in the music space or that it prioritizes marketing activities in that area." Id. at 3.

The Court notes that all parties agree that referencing Samsung's status as a South Korean company for the purposes of inflaming the jury would be entirely inappropriate. S10 Entertainment contends that it will have to make some reference to the foreign status of Samsung Electronics Co., Ltd., in contrast to its subsidiary, Samsung Electronics America, Inc., because the jury will have to "understand the corporate relationship between [defendants,] which entity performed certain acts and where, and which entity each witness is an employee of." Dkt. 229 at 2.

At oral argument, the Court observed that to the extent it is necessary to distinguish between Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc., the parties can explain that Samsung Electronics Co., Ltd. is the parent corporation domiciled in South Korea, and that Samsung Electronics America, Inc. is the subsidiary domiciled in the United States. Thereafter, the parties should refer to the two Samsung entities as the "parent corporation" and the "subsidiary." In line with this suggestion, the Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:21-cv-02443-CAS-JPRx | Date | February 14, 2023 |
|---|---|---|---|
| Title | S10 ENTERTAINMENT & MEDIA LLC v. SAMSUNG ELECTRONICS CO., LTD., ET AL. | | |

directs the parties to prepare a joint proposed jury instruction consistent with this admonition to be read at the start of the trial.

Moreover, the Court agrees with Samsung that S10 Entertainment should reference Samsung's marketing prioritizations without using the phase "invading the music industry."

The Court **GRANTS IN PART** and **DENIES IN PART** defendants' MIL No. 5.

**F.    Plaintiff's MIL No. 1**

As described in the Court's prior order, Samsung designated Dr. Keith Botner as a damages expert who conducted a consumer purchasing survey on the importance of the "S10" name to those who purchased or selected a Samsung Galaxy S10 smartphone. Specifically, Botner's survey claims that users of the Galaxy S10 smartphones considered many reasons when purchasing a smartphone in addition to brand or model name, and that consumers overall ranked the importance of other several factors, including cost and technological features of the phone, to be higher than the "S10" mark, which he calculated to have an importance value of 1.1 out of 100. Additionally, Samsung designated Christopher Bakewell to be an expert on the issue of plaintiff's alleged damages. Bakewell referenced Botner's survey, including the 1.1 value, to rebut and counter the apportionment calculation provided by S10 Entertainment's expert Doug Bania.

S10 Entertainment seeks to exclude any testimony or evidence applying the results of Botner's purchasing survey to damages analysis on the basis that it is inappropriate to use the results of a purchasing survey to calculate the apportionment of profits and that Samsung has failed to explain why there should be a "one-to-one" relationship between the results of the purchasing survey and Samsung's profits from Galaxy S10 phone sales. Pl.'s MIL No. 1.

In opposition, Samsung cites to cases allowing experts to "offer apportionment opinions that referred to, or relied on a survey that included a question asking the purchaser to choose from a list of choices and select the primary reason he or she purchased the product." Id. at 4 (quoting K&N Eng'g, Inc. v. Spectre Performance, 2011 WL 13131157, at *4, *13 (C.D. Cal. May 12, 2011)). Moreover, Samsung argues that Bakewell's expert opinion is not that there is a "one-to-one" relationship between the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-cv-02443-CAS-JPRx | Date | February 14, 2023 |
|---|---|---|---|
| Title | S10 ENTERTAINMENT & MEDIA LLC v. SAMSUNG ELECTRONICS CO., LTD., ET AL. | | |

results of the purchasing survey and Samsung's profits from Galaxy S10 phone sales, but rather his opinion is that apportionment of profits should properly be considered to range from de minis to, at most, 1.1% of Samsung's profits based on Botner's purchasing survey and other evidence in the record.

The Court concludes that, similar to its previous denial of plaintiff's Daubert motions to exclude Botner and Bakewell's expert testimony, plaintiff's challenge to Samsung's purchasing survey is an appropriate basis for cross-examination, not exclusion.

Accordingly, the Court **DENIES** plaintiff's MIL No. 1.

### G.     Plaintiff's MIL No. 2

S10 Entertainment seeks to preclude Samsung from presenting any evidence or testimony of "an affirmative damages number or an alternative apportionment model or figure, which have not been disclosed." Pl.'s MIL No. 2 at 1. Specifically, S10 Entertainment claims that Samsung's expert Bakewell testified at his deposition that "even 1.1 percent [apportionment] would be far too high," without giving his own specific affirmative damages number.

In opposition, Samsung explains that it does not intend to introduce any undisclosed expert testimony or opinions at trial, and "Bakewell will testify to the opinions disclosed in his two reports." Defs.' Opp. to MIL No. 2 at 1. Samsung argues that Bakewell specifically opined on an "apportionment range of *de minimis* (i.e., no profits are attributable to the alleged infringement) to 1.1-percent at most of defendant's profits." Id. at 2.

Of course, Bakewell, like any other expert in the case, may not testify as to undisclosed expert opinions. However, Bakewell may testify to the opinions disclosed in his expert reports, including the apportionment range he provided, and S10 Entertainment may cross-examine him regarding his opinions.

The Court **DENIES** plaintiff's MIL No. 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-cv-02443-CAS-JPRx | Date | February 14, 2023 |
|---|---|---|---|
| Title | S10 ENTERTAINMENT & MEDIA LLC v. SAMSUNG ELECTRONICS CO., LTD., ET AL. | | |

### H.   Plaintiff's MIL No. 3

Plaintiff seeks to preclude defendants from introducing evidence or eliciting testimony relating to the "personal lives or relationships of S10's employees." According to S10 Entertainment, "individual employees of these corporations are not parties to this suit and their personal relationships, photographs from their weddings, and other items of a personal nature are not at issue in this case," and that "[t]here is simply no claim or defense that requires evidence of the personal lives of any of the parties' executives." In addition, plaintiff specifically seeks to exclude photographs from its CEO Brandon Silverstein's wedding, which Tim Blacksmith, one of plaintiff's witnesses for evidence of actual confusion, attended. Plaintiff argues that such photos are irrelevant and will create a "mini trial about a witness having attended a wedding."

In opposition, Samsung cites Ninth Circuit authority holding that testimony of friends and business associates is not probative of actual confusion, "[a]ttestations from persons in close association and intimate contact with (the trademark claimant's) business do not reflect the views of the purchasing public." Self-Realization Fellowship Church v. Ananda Church of Self-Realization, 59 F.3d 902, 910 (9th Cir. 1995) (citation omitted); see also Art Attacks Ink, LLC v. MGA Entertainment Inc., 581 F.3d 1138, 1147 (9th Cir. 2009) (no reasonable jury could find actual confusion based on testimony from three witnesses who were the plaintiff's "employees or personal friends").

The Court notes that plaintiff has made no argument in either this briefing or the motion for summary judgment briefing addressing the Ninth Circuit opinions holding that testimony of friends and business associates cannot be used for the Sleekcraft "evidence of actual confusion" factor. Samsung is entitled to cross examine Silverstein, Klein, and Blacksmith about the extent of their social relationships with each other, so that the jury can make the proper bias and credibility determinations to establish to what degree of weight—if any—Klein and Blacksmith's testimony about confusion should be afforded. However, the Court believes that Samsung can easily inquire as to the individual's relationships, including attendance at Silverstein's wedding, without introducing photographs as ancillary exhibits.

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** plaintiff's MIL No. 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-02443-CAS-JPRx | Date | February 14, 2023 |
| Title | S10 ENTERTAINMENT & MEDIA LLC v. SAMSUNG ELECTRONICS CO., LTD., ET AL. | | |

## IV. CONCLUSION

In accordance with the foregoing, the Court **RESERVES JUDGMENT ON** defendants' MIL No. 2; **DENIES** defendants' MIL No. 1, and plaintiff's MIL Nos. 1 and 2; and **GRANTS IN PART** and **DENIES IN PART** defendants' MIL Nos. 3, 4, and 5, and plaintiff's MIL No. 3.

IT IS SO ORDERED.

                                             00 : 00
Initials of Preparer      CMJ